FORM TO BE USED BY FEDERAL PRISONERS FOR FILING A PETITION FOR WRIT OF HABEAS CORPUS UNDER TITLE 28 U.S.C. § 2241

IN THE UNITED STATES DISTRICT COURT

FOR THE    MASSACHUSETTS

William Gibson, #23848-038
        Petitioner
FMC Devens, P.O. Box 879,
Ayer, Massachusetts   01432

(Full name under which you were convicted;
Prison Number; Full Mailing Address).

VS.

CIVIL ACTION NO. 04-40036

Warden David L. Winn,
        Respondent(s)
FMC Devens, P.O. Box 880,
Ayer, Massachusetts   01432

(Name of Warden or other authorized person
having custody of Petitioner).

PLEASE COMPLETE THE FOLLOWING. READ THE ENTIRE PETITION BEFORE FILLING IT OUT.  ANSWER THOSE QUESTIONS WHICH PERTAIN TO YOUR TYPE OF CLAIM.

1. This petition concerns: (check appropriate blank)

    _____   A conviction
    _____   A sentence  (**CAUTION**: If you are attacking a sentence imposed under a Federal Judgment, you
                      must file a direct motion under 28 U.S.C. § 2255 in the Federal Court which entered the
                      Judgment).
    _____   Jail or prison conditions
    XXX       Prison discipline issue
    _____   A parole problem
    _____   Other.  State briefly: _____

2. Place of detention:   FMC Devens, P.O. Box 879, Ayer, Massachusetts   01432

1

**HAVE YOU FILED PREVIOUS PETITIONS FOR HABEAS CORPUS MOTION UNDER TITLE 28 U.S.C. § 2255, OR ANY APPLICATIONS, PETITONS OR MOTIONS WITH RESPECT TO THIS CONVICTION?**

_____ Yes       __XXX__ No

3. If your answer is "yes," give the following information:

a. Name of the Court: N/A

b. Nature of proceeding: 

c. Grounds raised: N/A

d. Result: N/A

e. Date of result:

f. Citation or number of any written opinion or order entered pursuant to each such disposition:

4. If you did not file a motion under section 2255 of Title 28 U.S.C., or if you filed a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention: N/A

5. Does counsel presently represent you? _____ Yes __XXX__ No

If so, Name address and phone number of counsel: N/A

6. Name and location of court, which imposed sentence: N/A

7. Indictment or case number, if known: _____ N/A _____

8. Offense or Offenses for which sentence was imposed: _____
_____ N/A _____

9. Date upon which sentence was imposed and the term of the sentence: _____
_____ N/A _____

10. When was a finding of guilt made? (Check one)
   __N/A__ After a plea of guilty

   _____ After a plea of not guilty

   _____ After a plea of Nolo Contendre

11. If you were found guilty after a plea of not guilty, was that finding made by:
   _____ A jury

   __XXX__ A judge without a jury

12. Did you appeal the judgment of the conviction or the imposition of a sentence? _____ Yes __N/A__ No

13. If you did appeal, give the following information for each appeal:

a. Name of court: _____ N/A _____

b. Result: _____ N/A _____

c. Date of result: _____ N/A _____

d. Citation or number of opinion: _____ N/A _____

e. Grounds raised: (List each one)
_____ N/A _____
_____
_____
_____
_____
_____

**NOTE: If you appealed more than once, attach an additional sheet of paper the same size, give all the information requested above in question number 13, a through e. DO NOT WRITE ON BACK OF PAGE.**

3

14. Summarize <u>briefly</u> the facts supporting each ground. If necessary attach a single page behind this page.

**CAUTION:** If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

a. Ground one: The Petitioner was denied "due process" at the DHO hearing when he was denied any documentation, witness statements, or other evidence.

Supporting Facts: (Tell your story BRIEFLY without citing cases or law. You are CAUTIONED that you must state facts not <u>conclusions,</u> in support of your grounds. E.g., who did exactly what to violate your rights at what time or place).

The Petitioner at his May 20, 2003, DHO hearing date was denied his right to face his accusers, to be permitted to both review and contest the documentary evidence against him, was not given any witness statements either against him, nor for him, and was denied any and all documentation on this institution's procedures on administering the Alco-Sensor III device. The Petitioner was denied his "right" to adequately contest both the methods and procedures used on administering the Alco-Sensor III.

b. Ground Two:
The institution failed to follow the proper procedures and methods in administering the Alco-Sensor III as illustrated in P.S. 6590.07 & DEV 6590.07C

Supporting Facts: In the Petitioner's instant case, the administrating officer failed to follow the procedures of properly administrating the Alco-Sensor III, as required and outlined in Program Statement 6590.07, page two at ¶ 6 & 7, and DEV 6590.07C, which states: "if the first test is positive, a second confirmation test shall be administered 15 minutes after the initial test." Also, the Alco-Sensor III must be calibrated at least every month. This calibration must be documented in the test log which wasn't done.

Ground Three:
The institution also failed to properly train the administrating officer and to regularly calibrate the Alco-Sensor III, before using it making the results both "skewed and less than accurate."

Supporting Facts: Pursuant to the institutional supplement and the Program Statement dealing with the "Alco-Sensor III" device. Both this institution and the administrating officer "Calibration checks shall be performed on the "Alco-Sensor III" at least monthly according to the procedures outlined in the company brochure, and each calibration shall be documented in the alcohol log." See: P.S. 6590.07 & DEV 6590.07C at page two. These procedures were not followed in the Petitioner's instant case.

15. If this petition concerns jail or prison conditions, prison discipline, a parole problem or other cause under 28 U.S.C. § 2241, answer the following:

a. Did you present the facts in relation to your present complaint in the internal prison grievance procedure?

   __XXX__ Yes  _____ No

(1) If your answer to "a" above is yes, what was the result? _Denied, the DHO determined that_ _you committed the prohibited act._ _The test result was conclusive._

(2) If your answer to "a" above is no, explain: _____

b. Did you present your claim to the Bureau of Prisons or other federal agency for administrative action?

   __XXX__ Yes  _____ No

(1) If your answer is "yes," state the date such claim was submitted and what action, if any has been taken: _Denied, this P.S. states that the decision of the DHO shall be based_ _on the greater weight of evidence, the "test results."_

(2) If your claim has not been acted on, attach copies of any correspondence you have received from the Bureau of Prisons or other federal agency concerning you.

c. **STATEMENT OF CLAIM:** State here as briefly as possible the facts of your case. DO NOT give any legal arguments or cite any cases or any statutes. Attach extra pages of the same size to this page if more room is necessary. DO NOT write on the reverse side of this page.

_The Petitioner's "due process" rights were violated concerning the above disciplinary issue. The institution failed to follow proper procedures and methods before administrating the Alco-Sensor III, which resulted in an inaccurate and "skewed" result._

**16. RELIEF:** state briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

This Honorable Court in the interest of justice should "both reverse and remand" this institution's sanctions and the entire incident report. This Honorable Court should order this institution to return the (27) twenty-seven days of Good-conduct time that was taken as well.

Signed on this the ___14th___ day of ___February___, 200_4_.

_____
Signature of petitioner

**I DECLARE (OR CERTIFY, VERIFY OR STATE) THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE OR INFORMATION AND BELIEF AND THAT ANY FALSE STATEMENTS MADE THEREIN ARE MADE SUBJECT TO THE PENALTIES OF APPLICABLE LAWS RELATING TO UNSWORN FALSIFICATIONS TO AUTHORITIES.**

**Executed on:** _February 14_, 200_4_.

_____
Signature of petitioner

6



U.S. Department of Justice
Federal Bureau of Prisons

# Program Statement

OPI: CPD
NUMBER: 6590.07
DATE: December 31, 1996
SUBJECT: Alcohol Surveillance and Testing Program

1. **[PURPOSE AND SCOPE §550.10. The Bureau of Prisons maintains a surveillance program in order to deter and to detect the illegal introduction or use of alcohol in its institutions. In an effort to reduce the introduction or use of alcohol, the Warden shall establish procedures for monitoring and testing individual inmates or groups of inmates who are known or suspected to be users of alcohol, or who are considered high risks based on behavior observed or on information received by staff.]**

Ordinarily, the Warden shall designate the Captain as the institution's alcohol testing coordinator.



2. PROGRAM OBJECTIVES. The expected results of this program are:

   a. An inmate's use of alcohol will be detected.

   b. Use of alcohol by inmates will be deterred.

   c. A safe and orderly environment will be provided for inmates.

3. DIRECTIVES AFFECTED

   a. Directive Rescinded

      PS 6590.05   Alcohol Testing (02/03/88)

   b. Directive Referenced

      PS 1627.01   Commercial Drivers, Testing for Use of Controlled Substance and Alcohol (11/29/96)
      PS 5270.07   Inmate Discipline and Special Housing Units (12/29/87)

[Bracketed Bold - Rules]
Regular Type - Implementing Information

PS 5360.06   Religious Beliefs and Practices of Committed
             Offenders (08/29/96)

   c.  Rules cited in this Program Statement are contained in 28 CFR 550.10.

3.  STANDARDS REFERENCED.  None.

4.  PRETRIAL/HOLDOVER PROCEDURES.  Procedures required in this Program Statement are applicable to pretrial and holdover inmates.

5.  LEVEL OF TESTING.  Each Warden shall determine the appropriate level of monitoring and testing to ensure adequate control of alcohol.  Among the factors that shall be consider are:

- Security level of the institution,
- Opportunity for inmates to acquire alcohol through community contacts,
- Specific work areas where the ingredients for making alcoholic beverages are located, and
- The work and living areas of inmates who have histories of alcohol abuse.

6.  ALCOHOL TESTING EQUIPMENT.  **The Alco-Sensor Model II, III or IV, shall be used for testing.**  Employees assigned to use the instrument shall be knowledgeable of its operation as described in the company brochure.

**Calibration checks shall be performed on the Alco-Sensor at least monthly** according to procedures outlined in the company brochure, **and each calibration shall be documented in the alcohol test log.**

7.  ALCOHOL TEST LOG.  An alcohol test log shall be maintained in a bound ledger, which can be a log book, loose leaf binder, or other documentation, indicating:

- Identification of inmate being tested,
- Identification of employee performing the test,
- Date and time test administered,
- Test results,
- Whether the inmate refused to cooperate, and
- Type of test.

8.  **TESTING PROCEDURES.**  Alcohol testing shall be accomplished through the following procedure:

- Employees shall ensure that the inmate being tested is not permitted to eat, drink or smoke.
- A reading of .02 or higher shall be considered positive.
- **If the first test is positive, a second confirmation test shall be administered 15 minutes after the initial test.**

```
                                                           P.S. 6590.07
                                                      December 31, 1996
                                                                 Page 3
```

   [a. Staff may prepare a disciplinary report on an inmate who shows a positive substantiated test result for alcohol.]

   If the confirmation test registers .02 or higher, an incident report shall be prepared, unless there are exceptional circumstances to prove otherwise, charging the inmate with using intoxicants.

   [b. Staff may initiate disciplinary action against an inmate who refuses to submit to an alcohol test.]

   An inmate's refusal to be tested may be by word or action. The employee who writes the disciplinary report shall clearly document the statements or actions which indicated a refusal.

See the Program Statement on Inmate Discipline and Special Housing Units for further information.

9. TESTING SUSPECT LIQUIDS. The Alco-Sensor instrument shall be used to test liquids suspected of containing alcohol following procedures outlined in the company brochure.

Liquids with a test reading of .02 or higher shall be considered positive for alcohol.

10. FEDERAL HIGHWAY ADMINISTRATION (FHWA) TESTING. Inmates assigned to drive a vehicle requiring a commercial drivers license, under FHWA guidelines are also subject to alcohol testing.

11. INSTITUTION SUPPLEMENT. An Institution Supplement shall be developed at each institution to implement this Program Statement.


                                       \s\
                                       Kathleen M. Hawk
                                       Director



U.S. Department of Justice

Federal Bureau of Prisons

*Federal Medical Center*

| | |
|---|---|
| **Institution Supplement** | NUMBER: DEV 6590.07C<br>DATE: July 16, 2001<br>SUBJECT: Alcohol Testing<br>OPI: Correctional Services |

1. **PURPOSE:** To establish local procedures for alcohol testing at the Federal Medical Center, and FPC Devens, Massachusetts.

2. **DIRECTIVES AFFECTED:**

    a. **Directives Referenced:** Program Statement 6590.07, Alcohol Testing, dated December 31, 1996.

    b. **Directives Rescinded:** Institution Supplement 6590.07, Alcohol Testing, dated August 11, 2000 has been rescinded.

3. **CORRECTIONAL STANDARDS REFERENCED:** None referenced.

4. **PROCEDURES:**

    a. Any inmate(s) suspected of alcohol consumption and all inmates involved in community activities will be tested. Staff will escort suspects to the Lieutenant's Office or Camp Officer's Office, where the test will be conducted. Test results will be maintained in the appropriate Alcohol Testing Log. This log will contain the inmate's name, register number, date, test result (negative/positive), signature of the officer conducting the test, and a column for refusals.

    b. All Lieutenants will familiarize themselves with the proper procedure for conducting this test.

    c. The Alco-Sensor III will be used for testing. A reading of .02 or higher will be considered positive for alcohol use. A second test will be administered fifteen (15) minutes after the initial test as confirmation. During this waiting period, the inmate will not be permitted to eat, drink, or smoke. If the confirmation test registers .02 or higher, an incident report will be prepared charging the inmate with use of intoxicants. Failure to submit to a test will result in issuance of an incident report for Code 223, Failure to Breathe into a Breathalyzer. An incident report will be written anytime an inmate refuses to take part in alcohol testing.

DEV 6590.07C  
July 16, 2001  
Page 2

1. **TESTING SUSPECT LIQUIDS:**

   The Alco-Sensor III can also be used to test liquids suspected of containing alcohol. As outlined in the company brochure, a test reading of .02 or higher will be considered positive for alcohol content.

2. **CALIBRATION:**

   Calibration checks will be made on the Alco-Sensor III at least monthly according to procedures outlined in the company brochure. These checks will be documented in the Alcohol Test Log and are the responsibility of the SIS Office.

3. **SUSPECT TESTING:**

   Unit staff will provide a list, to the SIS, of those inmates with a history of alcohol abuse, including inmates who have demonstrated alcohol abuse since being incarcerated. These inmates will be tested at least monthly, at random and unannounced times, by the Lieutenant's Office.

4. **SUSPECT ALCOHOL SAMPLES:**

   In instances when inmates are found in possession of homemade intoxicants, a sample will be collected and tested in the Lieutenant's Office. A photograph will be taken of the substance and it will be handled as evidence to be attached to the incident report.

5. **TRAINING:**

   The Operations Lieutenant will conduct quarterly training for staff.

5. **EFFECTIVE DATE:**    This Supplement is effective upon issuance.

---

David L. Winn, Warden

**Distribution:**   Warden  
AFGE Local 0222  
Inmate Law Library

| 1. NAME OF INSTITUTION |
|---|
| FMC Devens |

## PART I – INCIDENT REPORT

| 2. NAME OF INMATE | 3. REGISTER NUMBER | 4. DATE OF INCIDENT | 5. TIME |
|---|---|---|---|
| [illegible] | 25342-038 | May 8, 2003 | 505 pm |

| 6. PLACE OF INCIDENT | 7. ASSIGNMENT | 8. UNIT |
|---|---|---|
| GA Cube 117 | PT ORD | GA |

| 9. INCIDENT | 10. CODE |
|---|---|
| Making, Possessing or Using Intoxicants | 222 |

**11. DESCRIPTION OF INCIDENT** (Date: 5/8/03 Time: 505p Staff became aware of incident)

Thursday, May 8, 2003 at approximately 505pm I found a one quart plastic jug containing approx 30oz of a dark brown liquid in the locked locker of I/M Rosen, W# 25342-038. When I raised the lid the pungent odor of a fermenting beverage escaped from the bottle.

| 12. SIGNATURE OF REPORTING EMPLOYEE | DATE AND TIME | 13. NAME AND TITLE (Printed) |
|---|---|---|
| [signature] | 5/8/03 7:00pm | T. [illegible], OS |

| 14. INCIDENT REPORT DELIVERED TO ABOVE INMATE BY | 15. DATE INCIDENT REPORT DELIVERED | 16. TIME INCIDENT REPORT DELIVERED |
|---|---|---|
| [signature] | 5/9/03 | 0730 |

## PART II – COMMITTEE ACTION

**17. COMMENTS OF INMATE TO COMMITTEE REGARDING ABOVE INCIDENT**

[illegible handwriting]

**18. A. IT IS THE FINDING OF THE COMMITTEE THAT YOU:**
___ COMMITTED THE FOLLOWING PROHIBITED ACT.
___ DID NOT COMMIT A PROHIBITED ACT.

B. ✓ THE COMMITTEE IS REFERRING THE CHARGE(S) TO THE DHO FOR FURTHER HEARING.
C. ✓ THE COMMITTEE ADVISED THE INMATE OF ITS FINDINGS AND OF THE RIGHT TO FILE AN APPEAL WITHIN 15 CALENDAR DAYS.

**19. COMMITTEE DECISION IS BASED ON THE FOLLOWING INFORMATION**

Due to the seriousness of the charge (Code 222), UDC is referring this to the DHO for [illegible]

**20. COMMITTEE ACTION AND/OR RECOMMENDATION IF REFERRED TO DHO (CONTINGENT UPON DHO FINDING INMATE COMMITTED PROHIBITED ACT)**

[illegible]

**21. DATE AND TIME OF ACTION** 5/13/03 [illegible]
(THE UDC CHAIRMAN'S SIGNATURE NEXT TO HIS NAME CERTIFIES WHO SAT ON THE UDC AND THAT THE COMPLETED REPORT ACCURATELY REFLECTS THE UDC PROCEEDINGS.)

Chairman (Typed Name/Signature)    Member (Typed Name)    Member (Typed Name)

Original – Central File Record   Blue – To Inmate after UDC Action
Yellow – DHO   Pink – To Inmate within 24 hours of Part I preparation

Previous editions not usable    BP-288(52) JANUARY 1988

| 1. NAME OF INSTITUTION |
|---|
| FMC DEVENS |

## PART I – INCIDENT REPORT

| 2. NAME OF INMATE | 3. REGISTER NUMBER | 4. DATE OF INCIDENT | 5. TIME |
|---|---|---|---|
| GIBSON, W | 23848-038 | THURSDAY MAY 8, 2003 | 5:05 pm |
| 6. PLACE OF INCIDENT | 7. ASSIGNMENT | 8. UNIT | |
| GA, CUBE 117 | PT ORD | GA | |

**9. INCIDENT**: MAKING, POSSESSING OR USING INTOXICANTS

**10. CODE**: 222

**11. DESCRIPTION OF INCIDENT** (Date: 5/8/03 Time: 505p Staff became aware of incident)

THURSDAY, MAY 8, 2003, AT APPROXIMATELY 505pm I FOUND A TWO QUART PLASTIC JUG, CONTAINING APPROX. 3 CUPS OF A DARK BROWN LIQUID, IN THE LOCKED LOCKER OF I/M GIBSON, W. #23848-038. WHEN I OPENED THE LID, THE PUNGENT ODOR OF A FERMENTING BEVERAGE ESCAPED FROM THE BOTTLE.

| 12. SIGNATURE OF REPORTING EMPLOYEE | DATE AND TIME | 13. NAME AND TITLE (Printed) |
|---|---|---|
| J. Coger | 8 MAY 03 7:00 pm | T. COGER, SOS |
| 14. INCIDENT REPORT DELIVERED TO ABOVE INMATE BY | 15. DATE INCIDENT REPORT DELIVERED | 16. TIME INCIDENT REPORT DELIVERED |
| [signature] | 5-9-03 | 0750 HRS |

## PART II – COMMITTEE ACTION

**17. COMMENTS OF INMATE TO COMMITTEE REGARDING ABOVE INCIDENT**

"I made a 1/2 gallon of tea, I only drank half of it and put it in the floor by my bunk. It sat there for five days until inspection, and I put it in my locker and forgot about it."

**18. A.** IT IS THE FINDING OF THE COMMITTEE THAT YOU:
☐ COMMITTED THE FOLLOWING PROHIBITED ACT.
☐ DID NOT COMMIT A PROHIBITED ACT.

**B.** ☒ THE COMMITTEE IS REFERRING THE CHARGE(S) TO THE DHO FOR FURTHER HEARING.
**C.** ☒ THE COMMITTEE ADVISED THE INMATE OF ITS FINDINGS AND OF THE RIGHT TO FILE AN APPEAL WITHIN 15 CALENDAR DAYS.

**19. COMMITTEE DECISION IS BASED ON THE FOLLOWING INFORMATION**

Due to the seriousness of the infraction (Code 222) Unit Team is referring this incident to the DHO for hearing.

**20. COMMITTEE ACTION AND/OR RECOMMENDATION IF REFERRED TO DHO** (CONTINGENT UPON DHO FINDING INMATE COMMITTED PROHIBITED ACT)

~~Unit~~ UDC recommends 30 days loss of commissary, Loss of visiting for 30 days suspended pending 180 days clear conduct and Time served if found guilty.

**21. DATE AND TIME OF ACTION**: 5/14/03  9:20 am

Chairman (Typed Name/Signature): D. Jones
Member (Typed Name): M. Sheridan
Member (Typed Name):

Original – Central File Record    Blue – To Inmate after UDC Action
Yellow – DHO    Pink – To Inmate within 24 hours of Part I preparation    Previous editions not usable

BP-288(52) JANUARY 1988

| PART III – INVESTIGATION | 22. DATE AND TIME INVESTIGATION BEGAN |
|---|---|
| | 05-09-03 0750 HRS |

**23. INMATE ADVISED OF RIGHT TO REMAIN SILENT:** YOU ARE ADVISED OF YOUR RIGHT TO REMAIN SILENT AT ALL STAGES OF THE DISCIPLINARY PROCESS BUT ARE INFORMED THAT YOUR SILENCE MAY BE USED TO DRAW AN ADVERSE INFERENCE AGAINST YOU AT ANY STAGE OF THE INSTITUTIONAL DISCIPLINARY PROCESS. YOU ARE ALSO INFORMED THAT YOUR SILENCE ALONE MAY NOT BE USED TO SUPPORT A FINDING THAT YOU HAVE COMMITTED A PROHIBITED ACT.

THE INMATE WAS ADVISED OF THE ABOVE RIGHT BY JAMES MORASSE LIEUTENANT AT (DATE/TIME) 05-09-03 0750 HRS

**24. INMATE STATEMENT AND ATTITUDE**

INMATE GIBSON REG # 23848-038 WAS ADVISED OF HIS RIGHTS AND STATED THAT HE UNDERSTOOD THEM BY STATING "YES." INMATE GIBSON GAVE THE FOLLOWING STATEMENT, "ALL I DID WAS MAKE SOME TEA ON SATURDAY." GIBSON STATED THAT IF I WANTED HIM TO MAKE SOME HOOCH, HE WOULD MAKE ME SOME THAT WOULD KNOCK MY SOCKS OFF. INMATE STATED THAT IT SAT IN HIS LOCKER OF A WEEK AND THAT ANYTHING WOULD FERMENT IN THAT AMOUNT OF TIME.

INMATE GIBSON DISPLAYED A POOR ATTITUDE THROUGHTOUT THIS INVESTIGATION

**25. OTHER FACTS ABOUT THE INCIDENT, STATEMENTS OF THOSE PERSONS PRESENT AT SCENE, DISPOSITION OF EVIDENCE, ETC.**

SUPPORTING MEMORANDUM FROM SOS COGER WITH THE RESULTS OF THE ALCO-SENSOR

INMATE DID NOT WISH TO CALL ANY WITNESSES

**26. INVESTIGATOR'S COMMENTS AND CONCLUSIONS**

BASED ON THE BODY OF THE INCIDENT REPORT SECTION 11 AND THE SUPPORTING MEMORANDUM, I FEEL THAT CODE 222 ID VALID AND WARRANTED. INMATE DID CLAIM POSSESSION OF THE BOTTLE THAT HAD THE LIQUID WITH THE ALCOHOL CONTENT IN IT.

**27. ACTION TAKEN**

INMATE IS TO REMAIN IN ADMINISTRATIVE DETENTION PENDING A HEARING BY HIS UDC.

DATE AND TIME INVESTIGATION COMPLETED: 05-09-03 1000 HRS

PRINTED NAME/SIGNATURE OF INVESTIGATOR:    JAMES MORASSE
PRINTED NAME

LIEUTENANT
SIGNATURE                                   TITLE

| BP-S447.052 | CHECKLIST FOR DHO ACTIONS | CDFRM |
|---|---|---|
| MAY 94 | | |
| U.S. DEPARTMENT OF JUSTICE | | FEDERAL BUREAU OF PRISONS |

| INMATE: GIBSON, William | | REG. NO: 23848-038 | |
|---|---|---|---|
| INSTITUTION: FMC Devens   IR #1102458 | | DATE/INCIDENT: 05/08/03 | DATE/HEARING: 05/20/03 |
| | | | |

**RESPONSE:**                                     **CATEGORY**

| YES | NO | N/A | |
|---|---|---|---|
| | | | **I. ADVANCE NOTICE OF CHARGE** |
| X | __ | __ | (1) The inmate was given advance written notice of the charge(s) against him on 05/09/03 (date) at 5:05 p.m., (hour), which was more than 24 hours before the inmate's appearance before the DHO. |
| __ | __ | X | (2) If the answer to #1 is no, because there was less than 24 hours advance notice, the inmate waived the 24-hour notice (_____), or was to be released in less than 24 hours (_____). |

**II. APPEARANCE**

| X | __ | __ | (3) The inmate appeared at the hearing. If no, the reason was: |

**III. STAFF REPRESENTATION**

| X | __ | __ | (4) The inmate requested a staff representative and that staff Representative appeared. The representative had a copy of "DUTIES OF STAFF REPRESENTATIVE," and indicated an understanding of those duties. |
| __ | __ | X | (5) The inmate did not request a Staff Representative and thereby waived the right to staff representative. |
| __ | __ | X | (6) The inmate requested a representative who refused or was unable to appear; and the inmate chose to continue the hearing in the absence of the requested representative after being advised of the option to postpone the hearing in order to obtain another representative. Because of staff declinations to appear, _____ was appointed to represent the inmate and appeared on the inmate's behalf. |

**IV. WITNESSES AND DOCUMENTARY EVIDENCE**

| X | __ | __ | (7) The inmate waived the right to call witnesses. |
| | | | (8) The inmate requested witnesses. |
| __ | __ | X | A. The requested witnesses appeared & statements are summarized in the record. |
| __ | __ | X | B. Reasons for not calling the witnesses are documented in the record (i.e., repetitive or adverse witnesses if their knowledge is adequately summarized in the incident report or other investigative materials supplied to the DHO). |
| __ | __ | X | C. Written statements of unavailable witnesses were submitted, were considered, and are included in the report. |
| __ | __ | X | (9) The inmate submitted written documentation which was considered by the DHO. If yes, list here the documents:_____ |
| X | __ | __ | (10) The inmate's statement to the DHO is summarized in the record. If no, it is because ( ) the inmate declined to make a statement or ( ) Inmate declined to appear before the DHO and present a statement. |

1

BP-S447 (Continued)

| INMATE: Gibson, W. | REG. NO: 23848-038 |
|---|---|

| YES | NO | N/A | |
|---|---|---|---|
| | | | **V. USE OF CONFIDENTIAL INFORMANT INFORMATION** |
| __ | X | __ | (11) Confidential informant information that might identify the confidential informant was considered by the DHO and this information was not provided to the inmate but is documented in a separate record. The confidential informant(s) has/have determined to be reliable because: |
| | | | **VI. FINDINGS AND SPECIFIC EVIDENCE** |
| X | __ | __ | (12) The findings of the DHO are supported by some facts. If there was conflicting evidence, the findings are supported by the more credible evidence. |
| X | __ | __ | (13) There is some evidence to support each finding & conclusion. |
| X | __ | __ | (14) The specific evidence relied on is adequately documented in the record with specific evidence and facts cited (physical evidence, observations, written documentation, etc). |
| | | | **VII. SANCTIONS:** |
| X | __ | __ | (15) The sanction imposed is proportionate to the offense committed. |
| X | __ | __ | (16) The sanction imposed is authorized by the offense severity, which is: (H). |
| X | __ | __ | (17) The reasons for the sanction are adequately documented in the record of the hearing, or in a separate report. |

**VIII. OTHER**

This section should be used for unusual aspects of the case, such as inmate competency, UDC proceedings, DHO disqualification issues, of Special Housing Unit questions:

THIS CHECKLIST WAS COMPLETED BY DHO: D. Bracy                           PRINT OR TYPE

SIGNATURE OF THE DHO: _D. Bracy_

PLACE OF THE DHO HEARING: FMC Devens   IR #1102458

(This form may be replicated via WP).                                    Replaces BP-447(52) of JAN 88

2

| BP-E393.052 MAY 1994 | INMATE RIGHTS AT DISCIPLINE HEARING | U.S. DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS |

Institution:   FEDERAL MEDICAL CENTER, DEVENS, MASSACHUSETTS

As an inmate charged with a violation of Bureau of Prisons rules or regulations referred to the Discipline Hearing Officer (DHO) for disposition, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;

2. The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;

3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized;

4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

5. The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized. If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

6. The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, and the DHO's disposition in writing; and,

7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before the Discipline Hearing Officer. I have further been advised that if I have previously received either a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission of the presumptive or effective parole date.

Signed: _____   Reg. No.: 23848-038   Date: 5/14/03
        Inmate Signature

Notice of rights given to inmate (Date/time): 5/14/03

by: D Jones / D Jones
    Staff Printed Name/Signature

Replaces BP-293(52) of JAN 1988.

BP-S294.052  NOTICE OF DISCIPLINE HEARING BEFORE THE (DHO)   CDFRM
MAY 94
U.S. DEPARTMENT OF JUSTICE                          FEDERAL BUREAU OF PRISONS

_____

Institution: FMC Devens

Date: 5/14/03

TO: Gibson, W          Reg. No.: 23848-038

ALLEGED VIOLATION(S): 222 - Making, Possessing or Using Intoxicants

DATE OF OFFENSE: 5/3/03                Code No.: 222

You are being referred to the DHO for the above charge(s).

The hearing will be held on: Next Available Docket  at _____ (A.M./P.M.) at the following location:

_____

You are entitled to have a full-time staff member represent you at the hearing. Please indicate below whether you desire to have a staff representative, and if so, his or her name.

I (do) __X__ (do not) _____ wish to have a staff representative.
If so, the staff representative's name is: Prewsingh / Cower

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety. Names of witnesses you wish to call should be listed below. Briefly state to what each proposed witness would be able to testify.

I (do) _____ (do not) __X__ wish to have witnesses.

| NAME: | Can Testify to: |
|---|---|
| | |
| NAME: | Can Testify to: |
| | |
| NAME: | Can Testify to: |
| | |

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by the DHO to have information relevant to the charge(s). Repetitive witnesses and repetitive character references need not be called. Unavailable witnesses may be asked to submit written statements.

If additional space is needed, use the reverse side of this form. Date, sign, and return this form to the DHO.

DATE: 5/14/03        SIGNATURE: X _____

Notice of hearing before DHO given inmate 5/14/03  by _D. Jones / D Jones_
                                        Date/Time         Staff Printed Name/Signature

(This form may be replicated via WP)               Replaces BP-294(52) of JAN 88

ADVISEMENT OF INCIDENT REPORT DELAY(S)

NAME: Gibson, W                REGISTER NO. 23849-038

In accordance with Program Statement, 5270.7, Inmate Discipline and Special Housing Units, and reason(s) for an incident report delay which would result in the occurring of the Unit Disciplinary Committee Hearing (UDC) beyond 3 working days following the time that staff became aware of the inmate's involvement in the incident, then, the delay should be documented in the Discipline Record and the inmate should be advised.

YOU ARE HEREBY NOTIFIED THAT YOUR UDC HEARING ON INCIDENT REPORT NUMBER:

1102458        FOR THE CHARGE(S) OF: 222

HAS BEEN DELAYED FOR THE FOLLOWING REASON(S): Receiving this incident report from the Lieutenant's office on 5/9/03 and Unit 6 Staff had training. (One day delay)

_____D. Jones_____        5/14/03
STAFF MEMBER / TITLE                  DATE

In accordance with Program Statement, 5270.7, Inmate Discipline and Special Housing Units, you are hereby notified of the delay of your hearing beyond 5 working days. The delay has occurred for the following reasons(s):

(Refer to above)

_____        _____
WARDEN                                 DATE

Received by Inmate: _____ Date: 5/14/03

cc:    Inmate
       Discipline Packet