BP-S306.052  **DUTIES OF STAFF REPRESENTATIVE**  CDFRM
MAY 94
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

_FMC DEVENS_
_____
Institution

TO:   All Staff Representatives

FROM: Warden

There may be questions as to just which part an employee takes when that employee serves as staff representative for an inmate who appears before the DHO. Generally, your role is to help the inmate present the best defense possible to the charged violations. The Warden, the DHO, the reporting officer, investigating officer, a witness to the incident, and UDC members involved in the case may not act as staff representative. If, during your representation, you encounter difficulties which you believe will prevent you from functioning properly, you should notify the DHO of this, and he will excuse you if there is a good reason to do so.

**(1) You are to assist the inmate in presenting whatever information the inmate wants to present and in preparing a defense. This will require, in every case, consultations with the inmate, and familiarity with the Inmate Discipline Program Statement.**

**(2) You are to speak to witnesses who might furnish evidence on behalf of the inmate, if the inmate indicates there are such witnesses whom the inmate wishes to have called. You may question witnesses requested by the inmate who are called before the DHO.**

**(3) You should become familiar with all reports relative to the charge against the inmate. Confidential or security information must of course be protected and may not be shared with any other person, including inmates, staff, visitors, attorneys, etc. Any request for confidential information should be directed to the DHO.**

**(4) You should present any evidence favorable to the inmate's defense.**

**(5) You should present information which may assist the DHO and which may obtain a lesser sanction for the inmate. If you believe you need additional time to pursue any of the functions, you may request a delay in the hearing from the DHO, but ordinarily only after you have the concurrence of the inmate to do this.**

**(6) You are to help an inmate understand the charges and the potential consequences.**

**(7) You should be familiar with procedures at the hearing, explain them to the inmate in advance, and, if necessary during the hearing, assist the inmate in understanding procedural points.**

**(8) You should not be present during deliberations by the DHO. An exception would be where you have read confidential information, and want to discuss that with the DHO outside the inmate's presence. In that case, you will have to explain to the inmate, in general terms, what you are doing, and you should leave the room as soon as that function is over.**

**(9) If the inmate asks you to assist in writing an administrative appeal from the DHO action, you should assist the inmate in doing so.**

I have read the "Duties of Staff Representative" and (agree) (do not agree) to serve as staff

representative for inmate _GIBSON, W;_____, reg. no. _23848-038_ in the

inmate's appearance before the DHO. I do not agree for the following reason _____

_____.

Printed Name/Signature of Employee: _James Cowher_ _____ Date: _5/16/03_

Record Copy - DHO

(This form may be replicated via WP)                    Replaces BP-306(52) of JAN 88

**From:**       Michael P. Sheridan
**To:**         Cowher, James
**Date:**       5/14/03 12:02PM
**Subject:**    Inmate Representation

Please be advised that inmate GIBSON, William, Reg. No. 23848-038, has requested you as his staff
representative for a pending incident report he received on May 8, 2003.  The report has been referred to
the DHO for further hearing.  thanks.


**CC:**         Calabro, Fortunato A.;  Jones, Dewan L.



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Medical Center, Devens*

---

*DHO Office*                                          *P.O. Box 880*
                                                      *Ayer, MA 01432*

June 3, 2003

MEMORANDUM FOR CENTRAL FILE

FROM:        D. BRACY, Discipline Hearing Officer

SUBJECT:     DHO/IR Report #1102458

As a result of a finding by the Discipline Hearing Officer, he inmate was determined to have committed the Prohibited Act Code 222. There was a delay in providing the inmate with a copy of the DHO report within 10-days. The delay was the result of case load within the institution.





**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Medical Center, Devens*

---

P.O. Box 880
Ayer, MA 01432

Date    Thursday, May 8, 2003

**MEMORANDUM FOR:    J. Diamond, Operations Lieutenant**

**FROM:    T. Coger, Senior Officer Specialist**

**SUBJECT:    I/M GIBSON, # 23848-038**

Thursday, May 8, 2003, at approximately 5:05 PM, I found approximately three liquid cups of a brown pungent fermenting beverage in the locked locker assigned to inmate GIBSON, # 23848-038. At approximately 7:30PM, I conducted an alcohol content test using the Alco-Sensor III. The unit registered a numerical reading of .023. The manufacturer's brochure reports that a reading of .02 or higher is considered positive for alcohol content.

| INSTITUTION | **FMC Devens** | | INCIDENT REPORT NUMBER | | 1102458 |
|---|---|---|---|---|---|
| INMATE NAME | GIBSON, William | | REG NO | 23848-038 UNIT | G |
| DATE OF INCIDENT | 05/08/03 | | DATE OF INCIDENT REPORT | | 05/08/03 |
| OFFENSE CODE(S) | | 222 | | | |
| SUMMARY OF CHARGES | | Using or possessing intoxicants. | | | |

## I. NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) 05/09/03 at (time) 0750 (by staff member) J. Morasse, Act. Lt.

B. The DHO Hearing was held on (date) 05/20/03 at (time) 1305

C. The inmate was advised of his/her rights before the DHO by (staff member):

D. Jones, Case Mgr. on (date) 05/14/03 and a copy of the advisement of rights form is attached.

## II. STAFF REPRESENTATIVE

| A. Inmate waived right to staff representative. | Yes: | | No: | X |
|---|---|---|---|---|

B. Inmate requested staff representative and J. Cower, Phys. Therapist appeared.

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: N/A

| D. Staff representative | N/A | was appointed. |
|---|---|---|

E. Staff representative statement:

Mr. Cower indicated he discussed the Incident Report and supporting documentation with inmate Gibson. Mr. Cower stated, "I spoke with staff and they indicated inmate Gibson is not a problem. I am his work supervisor in the Heath Services Unit and he's been a good worker for us."

## III. PRESENTATION OF EVIDENCE

| A. Inmate admits | | denies | X | the charge(s). |
|---|---|---|---|---|

B. Summary of inmate statement:

The Incident Report and Inmate Rights were read to inmate Gibson. He then indicated he understood the charge, he understood his rights, he had an opportunity to discuss the Incident Report with his Staff Representative, and he was ready to proceed with the hearing. Inmate Gibsons was informed of the Advisement Of Incident Report Delay form dated May 14, 2003, which explains the reason his Unit Discipline Committee hearing was not conducted within the required three work days. Inmate Gibson did not raise any procedural issue or present written documentation as evidence.

Inmate Gibson stated, "I deny the charge. I did make tea in a plastic jug and I put it inside my locker. It sat for five days. I drank half of it. I forgot it was there. It was just tea and sugar."

Page 1 of 3

Note: During the hearing inmate Gibson was provided with the opportunity to view a supporting memorandum from Officer T. Coger dated May 8, 2003.

C. Witness(es):

| 1. The inmate requested witness(es). | Yes: | | No: | X |
|---|---|---|---|---|

2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.)

N/A

3. The following persons requested were not called for the reason(s) given.

N/A

| 4. Unavailable witnesses were requested to submit written | Yes | | No | | N/A | X |
|---|---|---|---|---|---|---|

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

Program Statement 6590.07, Alcohol Surveillance and Testing Program; Institution Supplement DEV 6590.07C, Alcohol Surveillance and Testing Program; and Chronological Disciplinary Record for inmate Gibson, Reg. No. 23848-038.

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

**IV. FINDINGS OF THE DHO**

| X | A. The act(s) was committed as charged. | |
|---|---|---|
| | B. The following act(s) was committed: | |
| | C. No prohibited act was committed: Expunge according to Inmate Discipline PS. | |

**V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)**

The Discipline Hearing Officer (DHO) finds there is sufficient evidence in section no. 11, of the Incident Report and supporting documentation to support the reported Prohibited Act Code 222, Using and possessing intoxicants.

This finding is based upon the reported account of Officer T. Coger, who stated that on May 8, 2003, at approximately 5:05 p.m., he confiscated a plastic jug containing a brown liquid from inside inmate Gibson's, Reg. No. 23848-038, assigned locker cabinet (cell #117). Office Coger indicated the liquid emitted a pungent order consistent with fermentation and he suspected the liquid was self-made intoxicants. Officer Coger provided a supporting memorandum indicating he conducted a test of the confiscated liquid with the Alco-Sensor III Breathalyzer and the test revealed a positive alcohol content of .023.

The DHO considered inmate Gibson's claim, "I deny the charge," and "I forgot it was there. It was just tea and sugar."

The DHO, however, determined inmate Gibson did not present sufficient evidence to refute the code 222. Specifically, the reporting officer's account of the incident is credible as written. Inmate Gibson admitted in part to the DHO, "I did make tea in a plastic jug and I put it inside my locker. It sat for five days. I drank half of it." Inmate Gibson did not present a statement or written documentation, or call a witness to show that the reported liquid substance was not confiscated from his assigned locker cabinet on May 8, 2003, or that it did not produce a positive test for significant alcohol content. Consequently, the DHO determined inmate Gibson committed the code 222, based upon the greater weight of the evidence against him.

## VI. SANCTION OR ACTION TAKEN

Disciplinary Segregation: 30-days.
Disallow/Forfeit Good Conduct Time: 27-days.
Los of Commissary Privileges: 6-months (suspended pending clear conduct for 180 days).
Loss of Social Telephone Privileges: 6-months (suspended pending clear conduct for 180 days).

## VII. REASON FOR SANCTION OR ACTION TAKEN

The above mentioned sanctions were imposed to impress upon inmate Gibson and others that conduct of this nature will not be tolerated, and to deter him and others from engaging in similar behavior in the future.

The sanctions of 30-days Disciplinary Segregation; 27-days Disallow/Forfeit Good Conduct Time; 6-months Loss of Commissary Privileges (suspended pending clear conduct); and 6-months Loss of Social Telephone Privileges (suspended pending clear conduct); are commensurate with the act committed (code 222) and were imposed to hold inmate Gibson responsible for his behavior. The possession and/or use of intoxicants while confined in a correctional institution is a clear violation of rules and regulations. Specifically, inmate use of intoxicants has often been a factor in producing disruptive behavior which jeopardizes the safety of staff and inmates, and the security and orderly running of the facility.

Note: The DHO considered the statement of the Staff Representative when suspending sanctions.

## VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days following receipt of the DHO report under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

| | Yes | X | No | | |
|---|---|---|---|---|---|

## IX. DISCIPLINE HEARING OFFICER

| Printed Name of DHO | Signature of DHO | Date |
|---|---|---|
| D. Bracy | *C. Bracy* | 6/04/03 |
| Report delivered to inmate by: *D. Bracy* | DATE  6/04/03 | TIME  3 55 pm |

(This form may be replicated in WP)                    Replaces BP-304(52) of JAN 88

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball–point pen. If attachments are needed, submit four copies. One copy of the completed BP–DIR–9 including any attachments must be submitted with this appeal.

From: GIBSON    WILLIAM    23848-038    GA    Devens

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

Part A—REASON FOR APPEAL on 5/1 I was given a breathalizer it was zero. C.O. Coger claims he tested my jug and it was .087 .515 Brown claims he tested it and it was .097. Two officers. Two tests two conflicting results. What tests? I never saw the results from any tests. If there were, I question the accuracy of these tests. I am more than confident that it a test were given today properly, that it would prove to be exactly what it is, Plain old Tea, stagnant at best. I am innocent.

r...e...conditioned not papers                    ← a 3" pencil

Note: I could not have use of pen or typewriter.

5/23/03                                        Wm Gibson
DATE                                           SIGNATURE OF REQUESTER

Part B—RESPONSE



_____                              _____
DATE                                             REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE    CASE NUMBER: 303492-R

Part C—RECEIPT

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

USP LVN    DATE _____    Previous editions not usable    SIGNATURE, RECIPIENT OF REGIONAL APPEAL    BP–230(13)
APRIL 1982

To: Warden Winn

I am writing in defense to violation of code (222) making intoxicants, and to make note of facts not revealed in DHO's report. They are as follows;

- On the evening of May 8th I drank one quart of tea (½) and went out to smoke. When I returned Ofc. Coger gave me a breathalizer. It was (O). An hour later I was summoned to the Lts. office where SIS Brown "claimed" he tested the tea and found it to be .037 I had no idea what kind of test. None was shown. No Known Record has been reported.

- On May 9th the SHU Lt. gave me the shot. I asked him "What kind of test was used?", and "Where are the results?" He explained it was a "simple test" and would check on the contents.

- On May 14th I met with UDC where again I asked "What test was used, and where are the results." Ms. Jones, my case mgr, volunteered, "We don't have to show you Proof of Any tests or Results!" Consequently I did not use this in my defese, which was crucial.

- During DHO hearing, I was never privy to Test Results, memos, or procedure, which I would call "Due Process". Instead I was found guilty and given (30 days) D/s time.

- On June 6th (1mo.) I recieved DHO report stating, in essence, that since I did not question the validity of the test, therefore I must be guilty. The subject was never broached by him or I, due to UDC's ill advice. Then I see the only test mode, was by Ofc. Coger with a breathalizer, which cannot be used to measure the volume of alcohol in a liquid. A sample should have been sent to a Lab Technician. Finally the DHO throws in "(27) days loss of good time, that was never mentioned as Mr. Cower can attest to as my staff rep.

I now throw myself at your mercy. My cop-outs to the UDC and DHO have been repeatedly ignored. I was found guilty based on conjecture rather than fact and deliberately kept in the dark. I don't know why this charge was persued with such vengence, when it is obvious that I was not making alcohol. Testing was "hushed-up" and passed long till it was thought to be too late, to defend one's self. I am now in SHU over 50 days. Given these facts, it is my hope to have a fair and imparcial review, and have this conviction overturned, also my former status reinstated. Thank-you for your attention, and help, to rectify this travesty of justice.

Sincerely
Wm. Gil

**GIBSON, William**
Reg. No. 23848-038
Appeal No. 303492-R2
Page One

---

## Part B - Response

You appeal the May 20, 2003, decision of the Discipline Hearing Officer (DHO) at FMC Devens, finding you committed the prohibited act of Possessing Intoxicants, Code 222, Incident Report No. 1102458. You claim the substance was tested improperly, you were not disclosed the test results, and the substance was merely ice tea. You seek to have the incident report expunged.

The DHO determined you committed the prohibited act based upon the following. On May 8, 2003, the reporting officer found a two quart plastic jug in your secured locker. The jug contained approximately three cups of a dark brown liquid. When the officer opened the jug, the officer observed the pungent odor of a fermenting beverage. The reporting officer conducted an alcohol content test, using the Alco-Sensor III device. The substance tested positive for alcohol. The DHO reasonably determined you committed the prohibited act.

Staff memoranda and test results need not be disclosed to an inmate prior to a DHO hearing. Section V of the DHO report indicates you were advised of the reporting officer's memorandum documenting the substance tested positive for alcohol using the Alco-Sensor III device. Program Statement 6590.07, <u>Alcohol Surveillance and Testing Program</u>, authorizes the use of the Alco-Sensor III device to detect the presence of alcohol in suspect liquids. There is no indication the testing was improperly conducted.

The record in this case reflects substantial compliance with Program Statement 5270.07, <u>Inmate Discipline</u>. The decision of the DHO was based upon the greater weight of evidence and the sanctions imposed were consistent with the severity level of the prohibited act. The sanctions imposed, to wit: 30 days disciplinary segregation, 27 days disallowance/forfeiture of good conduct time, and six months loss of commissary and telephone privileges (suspended pending 180 days clear conduct), were not disproportionate to your misconduct. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: August 13, 2003

M. E. RAY
Regional Director

U.S. Department of Justice                                **Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attach-ments must be submitted with this appeal.

| From: | Gibson, William | 23848-038 | G/B | FMC Devens |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

I am formally appealing incident report number 1102458, for the prohibited act of possessing intoxicants, Code 222. First, I wasn't provided with the proper paperwork in order to adequately refute this incident report. I have submitted an FOIA request to obtain this information. See: Exhibit A.

Second, the DHO stated that an Officer Coger tested the substance with the Alco-Sensor III device and got a .024 reading. I was verbally informed that SIA Lieutenant Brown also tested it and received a .037 reading, yet, no report.

Third, I specifically questioned the reliability of this "Alco-Sensor III device," to no avail. I wasn't told when it was last calibrated, and who was both trained and authorized to use such a "high-tech device." In fact, no-one has even submitted proof that this "Ice Tea" was actually tested in the first place, or that this "high-tech" device actually is used at FMC Devens.

Fourth, I was denied my right to "procedural due process" by not being allowed to adequately refute the above allegations due to this institution's secrecy with this "high-tech" device. I also couldn't face my accusers, nor question their methods without the background materials needed to do it.

| August 27th, 2003 | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

| | |
|---|---|
| DATE | GENERAL COUNSEL |

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE        CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**                                            CASE NUMBER: _____

Return to: _____

                LAST NAME, FIRST, MIDDLE INITIAL              REG. NO.              UNIT              INSTITUTION

SUBJECT: _____

| | |
|---|---|
| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL |

USP LVN                                                                                        BP-231(13)
                                                                                              APRIL 1982

**Administrative Remedy No. 303492-A1**
**Part B - Response**

You appeal the DHO's decision of May 20, 2003, for Making, Possessing, or Using Intoxicants, Code 222. Specifically, you complain that you were not provided with the proper means to defend yourself, and you were not informed of the reliability of the testing device or the training provided to the staff member involved. As relief, you request that the incident report be expunged.

We find substantial compliance with Program Statement 5270.07, *Inmate Discipline and Special Housing Units*. This P.S. states that the decision of the DHO shall be based on at least some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence. Accordingly, we find that the DHO detailed in Section V of the DHO report the specific evidence relied upon to support a finding that you committed the prohibited act of Making, Possessing, or Using Intoxicants, Code 222, and we agree that it is reasonable to make that finding. We do not find any evidence to support your contention that you were not provided with the proper means to defend yourself. You may request access to the information you complain about by forwarding your request to the Bureau of Prisons' Freedom of Information Act (FOIA) Office at 320 First Street NW, Washington, DC 20534. Your request should be identified as a FOIA/Privacy Act request. Therefore, we find that the required disciplinary procedures were substantially followed, the greater weight of the evidence supports the decision, and the sanctions imposed were appropriate for the offense and in compliance with policy. Your appeal is denied.

October 10, 2003
_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

## _Review Of Discipline Hearing Officer (DHO) Hearing Packet_

Inmate: _GIBSON, W_ ; Reg. # _23848-038_ ; IR# _1102458_

☑ Finding is documented in DHO report (Sect. IV).

☑ Evidence Relied Upon to support finding is documented in DHO report (Sect. V), and was based upon information obtained in the hearing process (staff reports, evidence, witnesses, ect.).

☑ Sanction or Action taken, and the Reason is documented in the DHO report (Sect. VI and VII).

☑ Inmate Rights At Discipline Hearing form (included in packet).

☑ Notice Of Discipline Hearing Before the DHO form (included in packet).

☑ Waiver Of Appearance form-review if applicable (included in packet).

☑ A written copy of the Incident Report (charge) was provided to inmate at least 24 hours in advance of DHO hearing (included in packet).

☑ Disposition entered into Sentry Chronological Disciplinary Record (included in packet).


for _Matt Langford_                    _6/4/03_
CEO or Designee, FMC Devens            Date