UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WILLIAM GIBSON, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 04-40036-DPW |
| | ) | |
| DAVID L. WINN, Warden, | ) | |
| Respondent. | ) | |
| | ) | |

DECLARATION OF STEPHANIE SCANNELL

I, Stephanie Scannell, hereby make the following declaration:

1. I am currently employed by the Federal Bureau of Prisons (BOP) of the United States Department of Justice as a Paralegal Trainee at the Consolidated Legal Center located at the Federal Medical Center (FMC) in Devens, Massachusetts. I have been employed at this position since approximately March 9, 2003, and have been with the BOP since October 10, 2002.

2. In order to perform my official duties as Paralegal Trainee, I have access to numerous records regarding prisoners maintained in the ordinary course of business at FMC Devens. This information includes documentary records and computerized records maintained on the Bureau of Prisons computerized data base.

3. I have reviewed the petition filed by William Gibson, Register Number 23848-038, in which he alleges that his due process rights were violated during his Institution Discipline Hearing. He further contends that the devise and method used to gather evidence was suspect.

4. Attached hereto, please find true and correct copies of the following documents:
   a. Public Information Data for inmate William Gibson, Register Number 23848-038;
   b. Incident Report Number 1102458;
   c. Memorandum from T. Coger, Senior Officer Specialist, to J. Diamond, Operations Lieutenant, dated May 8, 2003;
   d. Bureau of Prisons Program Statement 6590.07, Alcohol Surveillance and Testing Program;
   e. Notice of Discipline Hearing Before the DHO, dated May 14, 2003;

Page 1 of 2

f.      Inmate Rights at Discipline Hearing, dated May 14, 2003;
g.     Duties of a Staff Representative form, dated May 16, 2003;
h.     Discipline Hearing Officer Report, dated June 4, 2003;
i.      Regional Administrative Remedy Appeal, Case Number 303492-R2, and Response;
j.      Central Office Administrative Remedy Appeal, Case Number 303492-A1, and Response;
k.     Advisement of Incident Report Delay;
l.      Memorandum for Central File from D. Bracy, Discipline Hearing Officer, dated June 3, 2003;
m.    Alcohol Test Log from May 1, 2003 through May 8, 2003;
n.     Alcohol Surveillance and Testing Program, Lesson Plan.


I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this _____ day of March, 2004

Stephanie J. Scannell
Paralegal Trainee
FMC Devens

**DOCUMENT 1a.**

```
REGNO..: 23848-038 NAME: GIBSON, WILLIAM
COMP NO: 010        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 978-796-1000    FTS: 700-796-1000
                                             RACE/SEX...: WHITE / MALE
FBI NUMBER.: 365681V1                        DOB/AGE....: 02-25-1958 / 46
PROJ REL MT: GOOD CONDUCT TIME RELEASE       PAR ELIG DT: N/A
PROJ REL DT: 01-25-2005                      PAR HEAR DT:
------------------------- ADMIT/RELEASE HISTORY -------------------------
FCL   ASSIGNMENT DESCRIPTION                  START DATE/TIME STOP  DATE/TIME
DEV   A-DES      DESIGNATED, AT ASSIGNED FACIL 10-22-2002 1444 CURRENT
O-P   RELEASE    RELEASED FROM IN-TRANSIT FACL 10-22-2002 1444 10-22-2002 1444
O-P   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 09-24-2002 1203 10-22-2002 1444
CBN   ADMIN REL  ADMINISTRATIVE RELEASE        09-24-2002 1203 09-24-2002 1203
CBN   A-ADMIN    ADMINISTRATIVE ADMISSION      09-24-2002 1156 09-24-2002 1203


G0002        MORE PAGES TO FOLLOW . . .
```

```
            DEVAA                    PUBLIC INFORMATION              03-31-2004
            PAGE 002                    INMATE DATA                   11:20:54
                                      AS OF 03-31-2004


REGNO..: 23848-038 NAME: GIBSON, WILLIAM
COMP NO: 010      ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS      RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 978-796-1000    FTS: 700-796-1000
PRE-RELEASE PREPARATION DATE: 11-05-2004


THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  01-25-2005 VIA GCT REL


---------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION...........: MASSACHUSETTS
DOCKET NUMBER...................: 1: 01-10331-001-WGY
JUDGE...........................: YOUNG
DATE SENTENCED/PROBATION IMPOSED: 09-10-2002
DATE COMMITTED..................: 10-22-2002
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

G0002      MORE PAGES TO FOLLOW . . .
```

```
REGNO..: 23848-038 NAME: GIBSON, WILLIAM
COMP NO: 010       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000   FTS: 700-796-1000


                  FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.:   $300.00        $00.00          $00.00        $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  136
OFF/CHG: T18:922(G)(1),26:5861(D),(E) FELON IN POSS. OF A F/A, POSS. OF
         UNREGISTERED SAWED-OFF SHOTGUN, TRANSFER OF UNREGISTERED SAWED
         OFF SHOTGUN

  SENTENCE PROCEDURE............: 3559 PLRA SENTENCE


G0002       MORE PAGES TO FOLLOW . . .
```

Case 4:04-cv-40036-DPW    Document 5-2    Filed 04/13/2004    Page 7 of 50

```
REGNO..: 23848-038 NAME: GIBSON, WILLIAM
COMP NO: 010      ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS      RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 978-796-1000   FTS: 700-796-1000
 SENTENCE IMPOSED/TIME TO SERVE.:    30 MONTHS
 TERM OF SUPERVISION.............:    36 MONTHS
 DATE OF OFFENSE................: 02-18-2000

-----------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 02-03-2004 AT DEV AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 10-22-2002
TOTAL TERM IN EFFECT............:    30 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    2 YEARS      6 MONTHS

G0002      MORE PAGES TO FOLLOW . . .
```

REGNO..: 23848-038 NAME: GIBSON, WILLIAM
COMP NO: 010       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000   FTS: 700-796-1000
EARLIEST DATE OF OFFENSE........: 02-18-2000

JAIL CREDIT.....................:   FROM DATE     THRU DATE
                                    08-21-2002    08-21-2002

TOTAL PRIOR CREDIT TIME.........: 1
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 85
TOTAL GCT EARNED................: 27
STATUTORY RELEASE DATE PROJECTED: 01-25-2005
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 04-20-2005


G0002       MORE PAGES TO FOLLOW . . .

```
REGNO..: 23848-038 NAME: GIBSON, WILLIAM
COMP NO: 010        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 978-796-1000    FTS: 700-796-1000
PROJECTED SATISFACTION DATE.....: 01-25-2005
PROJECTED SATISFACTION METHOD...: GCT REL
```

S0055        NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

**DOCUMENT 1b.**

**1. NAME OF INSTITUTION**

FMC DEVENS

## PART I – INCIDENT REPORT

| 2. NAME OF INMATE | 3. REGISTER NUMBER | 4. DATE OF INCIDENT | 5. TIME |
|---|---|---|---|
| GIBSON, W | 23848-038 | THURSDAY MAY 8, 2003 | 505pm |

| 6. PLACE OF INCIDENT | 7. ASSIGNMENT | 8. UNIT |
|---|---|---|
| GA, CUBE 117 | PT ORD | GA |

| 9. INCIDENT | 10. CODE |
|---|---|
| MAKING, POSSESSING OR USING INTOXICANTS | 222 |

**11. DESCRIPTION OF INCIDENT** (Date: 5/8/03 Time: 505p Staff became aware of incident)

THURSDAY, MAY 8, 2003, AT APPROXIMATELY 505pm I FOUND A TWO QUART PLASTIC JUG, CONTAINING APPROX. 3 CUPS OF A DARK BROWN LIQUID, IN THE LOCKED LOCKER OF I/m GIBSON, W. # 23848-038. WHEN I OPENED THE LID, THE PUNGENT ODOR OF A FERMENTING BEVERAGE ESCAPED FROM THE BOTTLE.

| 12. SIGNATURE OF REPORTING EMPLOYEE | DATE AND TIME | 13. NAME AND TITLE (Printed) |
|---|---|---|
| J. Coger | 8 MAY 03 7:00Am | T. COGER, SOS |

| 14. INCIDENT REPORT DELIVERED TO ABOVE INMATE BY | 15. DATE INCIDENT REPORT DELIVERED | 16. TIME INCIDENT REPORT DELIVERED |
|---|---|---|
| (signature) | 5-9-03 | 0750 HRS |

## PART II – COMMITTEE ACTION

**17. COMMENTS OF INMATE TO COMMITTEE REGARDING ABOVE INCIDENT**

" I made a 1/2 gallon of tea, I only drank half of it and put it in the floor by my bunk. It sat there for five days until inspection and I put it in my locker and forgot about it."

**18. A. IT IS THE FINDING OF THE COMMITTEE THAT YOU:**
COMMITTED THE FOLLOWING PROHIBITED ACT.

DID NOT COMMIT A PROHIBITED ACT.

B. [X] THE COMMITTEE IS REFERRING THE CHARGE(S) TO THE DHO FOR FURTHER HEARING.

C. [X] THE COMMITTEE ADVISED THE INMATE OF ITS FINDINGS AND OF THE RIGHT TO FILE AN APPEAL WITHIN NO CALENDAR DAYS.

**19. COMMITTEE DECISION IS BASED ON THE FOLLOWING INFORMATION**

Due to the seriousness of the infraction (Code 222) Unit Team is referring this incident to the DHO for hearing.

**20. COMMITTEE ACTION AND/OR RECOMMENDATION IF REFERRED TO DHO (CONTINGENT UPON DHO FINDING INMATE COMMITTED PROHIBITED ACT)**

Unit UDC recommends 30 days loss of commissary, loss of visiting for 30 days, suspended pending 180 days clear conduct and time served if found guilty.

**21. DATE AND TIME OF ACTION** 5/9/03 9:20am (THE UDC CHAIRMAN'S SIGNATURE NEXT TO HIS NAME CERTIFIES WHO SAT ON THE UDC AND THAT THE COMPLETED REPORT ACCURATELY REFLECTS THE UDC PROCEEDINGS.)

| D Jones / D Jones | M. Sheridan | |
|---|---|---|
| Chairman (Typed Name/Signature) | Member (Typed Name) | Member (Typed Name) |

PART III – INVESTIGATION

| 22. DATE AND TIME INVESTI- |
| GATION BEGAN |
| 05-09-03 0750 HRS |

23. INMATE ADVISED OF RIGHT TO REMAIN SILENT: YOU ARE ADVISED OF YOUR RIGHT TO REMAIN SILENT AT ALL STAGES OF THE DISCIPLINARY PROCESS BUT ARE INFORMED THAT YOUR SILENCE MAY BE USED TO DRAW AN ADVERSE INFERENCE AGAINST YOU AT ANY STAGE OF THE INSTITUTIONAL DISCIPLINARY PROCESS. YOU ARE ALSO INFORMED THAT YOUR SILENCE ALONE MAY NOT BE USED TO SUPPORT A FINDING THAT YOU HAVE COMMITTED A PROHIBITED ACT.

THE INMATE WAS ADVISED OF THE ABOVE RIGHT BY JAMES MORASSE LIEUTENANT    AT (DATE/TIME) 05-09-03  0750 HRS

24. INMATE STATEMENT AND ATTITUDE

INMATE GIBSON REG # 23848-038 WAS ADVISED OF HIS RIGHTS AND STATED THAT HE UNDERSTOOD THEM BY STATING "YES." INMATE GIBSON GAVE THE FOLLOWING STATEMENT, "ALL I DID WAS MAKE SOME TEA ON SATURDAY." GIBSON STATED THAT IF I WANTED HIM TO MAKE SOME HOOCH, HE WOULD MAKE ME SOME THAT WOULD KNOCK MY SOCKS OFF. INMATE STATED THAT IT SAT IN HIS LOCKER OF A WEEK AND THAT ANYTHING WOULD FERMENT IN THAT AMOUNT OF TIME.

INMATE GIBSON DISPLAYED A POOR ATTITUDE THROUGHTOUT THIS INVESTIGATION

25. OTHER FACTS ABOUT THE INCIDENT, STATEMENTS OF THOSE PERSONS PRESENT AT SCENE, DISPOSITION OF EVIDENCE, ETC.

SUPPORTING MEMORANDUM FROM SOS COGER WITH THE RESULTS OF THE ALCO-SENSOR

INMATE DID NOT WISH TO CALL ANY WITNESSES

26. INVESTIGATOR'S COMMENTS AND CONCLUSIONS

BASED ON THE BODY OF THE INCIDENT REPORT SECTION 11 AND THE SUPPORTING MEMORANDUM, I FEEL THAT CODE 222 ID VALID AND WARRANTED. INMATE DID CLAIM POSSESSION OF THE BOTTLE THAT HAD THE LIQUID WITH THE ALCOHOL CONTENT IN IT.

27. ACTION TAKEN

INMATE IS TO REMAIN IN ADMINISTRATIVE DETENTION PENDING A HEARING BY HIS UDC.

DATE AND TIME INVESTIGATION COMPLETED: 05-09-03  1000 HRS

PRINTED NAME/SIGNATURE OF INVESTIGATOR:

JAMES MORASSE
                                                        PRINTED NAME

LIEUTENANT
_____SIGNATURE_____                                 TITLE

DOCUMENT 1c.



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Medical Center, Devens*

---

*P.O. Box 880*
*Ayer, MA 01432*

Date    Thursday, May 8, 2003

**MEMORANDUM FOR:**    **J. Diamond, Operations Lieutenant**

**FROM:**    **T. Coger, Senior Officer Specialist**

**SUBJECT:**    **I/M GIBSON, # 23848-038**

Thursday, May 8, 2003, at approximately 5:05 PM, I found approximately three liquid cups of a brown pungent fermenting beverage in the locked locker assigned to inmate GIBSON, # 23848-038. At approximately 7:30PM, I conducted an alcohol content test using the Alco-Sensor III. The unit registered a numerical reading of .023. The manufacturer's brochure reports that a reading of .02 or higher is considered positive for alcohol content.

**DOCUMENT 1d.**



**U.S. Department of Justice**
Federal Bureau of Prisons

# Program
# Statement

**OPI:** CPD
**NUMBER:** 6590.07
**DATE:** December 31, 1996
**SUBJECT:** Alcohol Surveillance and
Testing Program

1.  [<u>PURPOSE AND SCOPE</u> §550.10.  **The Bureau of Prisons maintains a surveillance program in order to deter and to detect the illegal introduction or use of alcohol in its institutions.  In an effort to reduce the introduction or use of alcohol, the Warden shall establish procedures for monitoring and testing individual inmates or groups of inmates who are known or suspected to be users of alcohol, or who are considered high risks based on behavior observed or on information received by staff.**]

Ordinarily, the Warden shall designate the Captain as the institution's alcohol testing coordinator.

2.  <u>PROGRAM OBJECTIVES</u>.  The expected results of this program are:

    a.  An inmate's use of alcohol will be detected.

    b.  Use of alcohol by inmates will be deterred.

    c.  A safe and orderly environment will be provided for inmates.

3. <u>DIRECTIVES AFFECTED</u>

    a.  <u>Directive Rescinded</u>

       PS 6590.05      Alcohol Testing (02/03/88)

    b.  <u>Directive Referenced</u>

       PS 1627.01      Commercial Drivers, Testing for Use of
                       Controlled Substance and Alcohol (11/29/96)
       PS 5270.07      Inmate Discipline and Special Housing Units
                       (12/29/87)

[Bracketed Bold - Rules]

PS 5360.06 Religious Beliefs and Practices of Committed Offenders (08/29/96)

c. Rules cited in this Program Statement are contained in 28 CFR 550.10.

3. STANDARDS REFERENCED. None.

4. PRETRIAL/HOLDOVER PROCEDURES. Procedures required in this Program Statement are applicable to pretrial and holdover inmates.

5. LEVEL OF TESTING. Each Warden shall determine the appropriate level of monitoring and testing to ensure adequate control of alcohol. Among the factors that shall be consider are:

- Security level of the institution,
- Opportunity for inmates to acquire alcohol through community contacts,
- Specific work areas where the ingredients for making alcoholic beverages are located, and
- The work and living areas of inmates who have histories of alcohol abuse.

6. ALCOHOL TESTING EQUIPMENT. The Alco-Sensor Model II, III or IV, shall be used for testing. Employees assigned to use the instrument shall be knowledgeable of its operation as described in the company brochure.

Calibration checks shall be performed on the Alco-Sensor at least monthly according to procedures outlined in the company brochure, and each calibration shall be documented in the alcohol test log.

7. ALCOHOL TEST LOG. An alcohol test log shall be maintained in a bound ledger, which can be a log book, loose leaf binder, or other documentation, indicating:

- Identification of inmate being tested,
- Identification of employee performing the test,
- Date and time test administered,
- Test results,
- Whether the inmate refused to cooperate, and
- Type of test.

8. TESTING PROCEDURES. Alcohol testing shall be accomplished through the following procedure:

- Employees shall ensure that the inmate being tested is not permitted to eat, drink or smoke.
- A reading of .02 or higher shall be considered positive.
- If the first test is positive, a second confirmation test shall be administered 15 minutes after the initial test.

P.S. 6590.07
December 31, 1996
Page 3

**[a.  Staff may prepare a disciplinary report on an inmate who shows a positive substantiated test result for alcohol.]**

If the confirmation test registers .02 or higher, an incident report shall be prepared, unless there are exceptional circumstances to prove otherwise, charging the inmate with using intoxicants.

**[b.  Staff may initiate disciplinary action against an inmate who refuses to submit to an alcohol test.]**

An inmate's refusal to be tested may be by word or action.  The employee who writes the disciplinary report shall clearly document the statements or actions which indicated a refusal.

See the Program Statement on Inmate Discipline and Special Housing Units for further information.

9.  <u>TESTING SUSPECT LIQUIDS</u>.  The Alco-Sensor instrument shall be used to test liquids suspected of containing alcohol following procedures outlined in the company brochure.

Liquids with a test reading of .02 or higher shall be considered positive for alcohol.

10.  <u>FEDERAL HIGHWAY ADMINISTRATION (FHWA) TESTING</u>.  Inmates assigned to drive a vehicle requiring a commercial drivers license, under FHWA guidelines are also subject to alcohol testing.

11.  <u>INSTITUTION SUPPLEMENT</u>.  An Institution Supplement shall be developed at each institution to implement this Program Statement.


                                        \s\
                                   Kathleen M. Hawk
                                   Director

DOCUMENT 1e.

BP-S294.052    **NOTICE OF DISCIPLINE HEARING BEFORE THE (DHO)**    CDFRM
MAY 94
**U.S. DEPARTMENT OF JUSTICE**                                   **FEDERAL BUREAU OF PRISONS**

Institution: _FMC Devens_
Date: _5/14/03_

TO: _Gibson, W_                              Reg. No.: _23848-038_

ALLEGED VIOLATION(S): _222 - Making, Possessing or Using Intoxicants_

DATE OF OFFENSE: _5/8/03_                     Code No.: _222_

You are being referred to the DHO for the above charge(s).

The hearing will be held on: _Next Available Docket_ at _____ (A.M./P.M.) at the following location:

You are entitled to have a full-time staff member represent you at the hearing.  Please indicate below whether you desire to have a staff representative, and if so, his or her name.

I (do) __X__ (do not) _____ wish to have a staff representative

If so, the staff representative's name is: _Previously Cower_

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety.  Names of witnesses you wish to call should be listed below.  Briefly state to what each proposed witness would be able to testify.

I (do) _____ (do not) __X__ wish to have witnesses.

| NAME: | Can Testify to: |
|-------|-----------------|
|       |                 |
| NAME: | Can Testify to: |
|       |                 |
| NAME: | Can Testify to: |
|       |                 |

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by the DHO to have information relevant to the charge(s).  Repetitive witnesses and repetitive character references need not be called.  Unavailable witnesses may be asked to submit written statements.

If additional space is needed, use the reverse side of this form.  Date, sign, and return this form to the DHO.

DATE: _5/14/03_          SIGNATURE: X _____

Notice of hearing before DHO given inmate _5/14/03_   by _D. Jones/D Jones_
                                        Date/Time          Staff Printed Name/Signature

(This form may be replicated via WP)                      Replaces BP-294(52) of JAN 88

DOCUMENT 1f.

BP-E293.052
MAY 1994

**INMATE RIGHTS AT DISCIPLINE HEARING**

U.S. DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF PRISONS

Institution:    FEDERAL MEDICAL CENTER, DEVENS, MASSACHUSETTS

As an inmate charged with a violation of Bureau of Prisons rules or regulations referred to the Discipline Hearing Officer (DHO) for disposition, you have the following rights:

1.  The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;

2.  The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;

3.  The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized;

4.  The right to present a statement or to remain silent.   Your silence may be used to draw an adverse inference against you.  However, your silence alone may not be used to support a finding that you committed a prohibited act;

5.  The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized.  If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

6.  The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, and the DHO's disposition in writing; and,

7.  The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before the Discipline Hearing Officer.  I have further been advised that if I have previously received either a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission of the presumptive or effective parole date.

Signed: _____    Reg. No.: 23848- 038    Date: 5/14/03
                   Inmate Signature

Notice of rights given to inmate (Date/time): 5/14/03 _____

by: _____
        Staff Printed Name/Signature

**DOCUMENT 1g.**

BP-S306.052  **DUTIES OF STAFF REPRESENTATIVE**   CDFRM
MAY 94
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

_FMC DEVENS_
_____
                                    Institution

TO:    All Staff Representatives

FROM:  Warden

There may be questions as to just which part an employee takes when that employee serves as staff representative for an inmate who appears before the DHO. Generally, your role is to help the inmate present the best defense possible to the charged violations. The Warden, the DHO, the reporting officer, investigating officer, a witness to the incident, and UDC members involved in the case may not act as staff representative. If, during your representation, you encounter difficulties which you believe will prevent you from functioning properly, you should notify the DHO of this, and he will excuse you if there is a good reason to do so.

(1) You are to assist the inmate in presenting whatever information the inmate wants to present and in preparing a defense. This will require, in every case, consultations with the inmate, and familiarity with the Inmate Discipline Program Statement.

(2) You are to speak to witnesses who might furnish evidence on behalf of the inmate, if the inmate indicates there are such witnesses whom the inmate wishes to have called. You may question witnesses requested by the inmate who are called before the DHO.

(3) You should become familiar with all reports relative to the charge against the inmate. Confidential or security information must of course be protected and may not be shared with any other person, including inmates, staff, visitors, attorneys, etc. Any request for confidential information should be directed to the DHO.

(4) You should present any evidence favorable to the inmate's defense.

(5) You should present information which may assist the DHO and which may obtain a lesser sanction for the inmate. If you believe you need additional time to pursue any of the functions, you may request a delay in the hearing from the DHO, but ordinarily only after you have the concurrence of the inmate to do this.

(6) You are to help an inmate understand the charges and the potential consequences.

(7) You should be familiar with procedures at the hearing, explain them to the inmate in advance, and, if necessary during the hearing, assist the inmate in understanding procedural points.

(8) You should not be present during deliberations by the DHO. An exception would be where you have read confidential information, and want to discuss that with the DHO outside the inmate's presence. In that case, you will have to explain to the inmate, in general terms, what you are doing, and you should leave the room as soon as that function is over.

(9) If the inmate asks you to assist in writing an administrative appeal from the DHO action, you should assist the inmate in doing so.

I have read the "Duties of Staff Representative" and (agree) (do not agree) to serve as staff

representative for inmate _GIBSON, W._____, reg. no. _23848-038_ in the

inmate's appearance before the DHO. I do not agree for the following reason _____

_____.

Printed Name/Signature of Employee: _James Cowher_ _[signature]_   Date: _5/16/03_

Record Copy - DHO

(This form may be replicated via WP)                    Replaces BP-306(52) of JAN 88

DOCUMENT 1h.

# DISCIPLINE HEARING OFFICER REPORT
## U.S. DEPARTMENT OF JUSTICE

BP-S305.052 MAY 94

## FEDERAL BUREAU OF PRISONS

| INSTITUTION | FMC Devens | INCIDENT REPORT NUMBER | | | 1102458 |
|---|---|---|---|---|---|
| INMATE NAME | GIBSON, William | REG NO | 23848-038 | UNIT | G |
| DATE OF INCIDENT | 05/08/03 | DATE OF INCIDENT REPORT | | | 05/08/03 |
| OFFENSE CODE(S) | 222 | | | | |
| SUMMARY OF CHARGES | Using or possessing intoxicants. | | | | |

### I.  NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on

(date)  05/09/03         at (time)  0750      (by staff member)  J. Morasse, Act. Lt.

B. The DHO Hearing was held on (date)     05/20/03     at (time)   1305

C. The inmate was advised of his/her rights before the DHO by (staff member):

D. Jones, Case Mgr.                on (date)     05/14/03          and a copy

of the advisement of rights form is attached.

### II.  STAFF REPRESENTATIVE

| A. Inmate waived right to staff representative. | Yes: | | No: | X |
|---|---|---|---|---|

B. Inmate requested staff representative and  J. Cower, Phys. Therapist     appeared.

C. Requested staff representative declined or could not appear but inmate was advised of
option to postpone hearing to obtain another staff representative with the result

that:   N/A

| D. Staff representative | N/A | was appointed. |
|---|---|---|

E. Staff representative statement:

Mr. Cower indicated he discussed the Incident Report and supporting documentation with
inmate Gibson.  Mr. Cower stated, "I spoke with staff and they indicated inmate Gibson
is not a problem.  I am his work supervisor in the Heath Services Unit and he's been a
good worker for us."

### III.  PRESENTATION OF EVIDENCE

| A. Inmate admits | | denies | X | the charge(s). |
|---|---|---|---|---|

B. Summary of inmate statement:

The Incident Report and Inmate Rights were read to inmate Gibson.  He then indicated he
understood the charge, he understood his rights, he had an opportunity to discuss the
Incident Report with his Staff Representative, and he was ready to proceed with the
hearing.  Inmate Gibsons was informed of the Advisement Of Incident Report Delay form
dated May 14, 2003, which explains the reason his Unit Discipline Committee hearing was
not conducted within the required three work days.  Inmate Gibson did not raise any
procedural issue or present written documentation as evidence.

Inmate Gibson stated, "I deny the charge.  I did make tea in a plastic jug and I put it
inside my locker.  It sat for five days.  I drank half of it.  I forgot it was there.
It was just tea and sugar."

DISCIPLINE HEARING OFFICER REPORT
U.S. DEPARTMENT OF JUSTICE

BP-S305.052 MAY 94
FEDERAL BUREAU OF PRISONS

Note:  During the hearing inmate Gibson was provided with the opportunity to view a supporting memorandum from Officer T. Coger dated May 8, 2003.

C. Witness(es):

| 1. The inmate requested witness(es). | Yes: | | No: | X |
|---|---|---|---|---|

2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.)

N/A

3. The following persons requested were not called for the reason(s) given.

N/A

| 4. Unavailable witnesses were requested to submit written | Yes | | No | | N/A | X |
|---|---|---|---|---|---|---|

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

Program Statement 6590.07, Alcohol Surveillance and Testing Program; Institution Supplement DEV 6590.07C, Alcohol Surveillance and Testing Program; and Chronological Disciplinary Record for inmate Gibson, Reg. No. 23848-038.

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate.  The confidential information was documented in a separate report.  The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

IV. FINDINGS OF THE DHO

| X | A. The act(s) was committed as charged. |
|---|---|
| | B. The following act(s) was committed: |
| | C. No prohibited act was committed: Expunge according to Inmate Discipline PS. |

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)

The Discipline Hearing Officer (DHO) finds there is sufficient evidence in section no. 11, of the Incident Report and supporting documentation to support the reported Prohibited Act Code 222, Using and possessing intoxicants.

This finding is based upon the reported account of Officer T. Coger, who stated that on May 8, 2003, at approximately 5:05 p.m., he confiscated a plastic jug containing a brown liquid from inside inmate Gibson's, Reg. No. 23848-038, assigned locker cabinet (cell #117).  Office Coger indicated the liquid emitted a pungent order consistent with fermentation and he suspected the liquid was self-made intoxicants.  Officer Coger provided a supporting memorandum indicating he conducted a test of the confiscated liquid with the Alco-Sensor III Breathalyzer and the test revealed a positive alcohol content of .023.

The DHO considered inmate Gibson's claim, "I deny the charge," and "I forgot it was there.  It was just tea and sugar."

DISCIPLINE HEARING OFFICER REPORT
U.S. DEPARTMENT OF JUSTICE

BP-S305.052 MAY 94
FEDERAL BUREAU OF PRISONS

The DHO, however, determined inmate Gibson did not present sufficient evidence to refute the code 222. Specifically, the reporting officer's account of the incident is credible as written. Inmate Gibson admitted in part to the DHO, "I did make tea in a plastic jug and I put it inside my locker. It sat for five days. I drank half of it." Inmate Gibson did not present a statement or written documentation, or call a witness to show that the reported liquid substance was not confiscated from his assigned locker cabinet on May 8, 2003, or that it did not produce a positive test for significant alcohol content. Consequently, the DHO determined inmate Gibson committed the code 222, based upon the greater weight of the evidence against him.

## VI. SANCTION OR ACTION TAKEN

Disciplinary Segregation: 30-days.
Disallow/Forfeit Good Conduct Time: 27-days.
Los of Commissary Privileges: 6-months (suspended pending clear conduct for 180 days).
Loss of Social Telephone Privileges: 6-months (suspended pending clear conduct for 180 days).

## VII. REASON FOR SANCTION OR ACTION TAKEN

The above mentioned sanctions were imposed to impress upon inmate Gibson and others that conduct of this nature will not be tolerated, and to deter him and others from engaging in similar behavior in the future.

The sanctions of 30-days Disciplinary Segregation; 27-days Disallow/Forfeit Good Conduct Time; 6-months Loss of Commissary Privileges (suspended pending clear conduct); and 6-months Loss of Social Telephone Privileges (suspended pending clear conduct); are commensurate with the act committed (code 222) and were imposed to hold inmate Gibson responsible for his behavior. The possession and/or use of intoxicants while confined in a correctional institution is a clear violation of rules and regulations. Specifically, inmate use of intoxicants has often been a factor in producing disruptive behavior which jeopardizes the safety of staff and inmates, and the security and orderly running of the facility.

Note: The DHO considered the statement of the Staff Representative when suspending sanctions.

## VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days following receipt of the DHO report under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

|  | Yes | X | No |  |  |
|---|---|---|---|---|---|

## IX. DISCIPLINE HEARING OFFICER

| Printed Name of DHO | Signature of DHO | Date |
|---|---|---|
| D. Bracy | C. Bracy | 6/04/03 |
| Report delivered to inmate by: D. Bracy | DATE 6/04/03 | TIME 3⁵⁵ pm |

(This form may be replicated in WP)

Replaces BP-304(52) of JAN 88

**DOCUMENT 1i.**

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: GIBSON WILLIAM          23848-038          GA          Devens
      LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

Part A—REASON FOR APPEAL On 5/1 I was given a breathalizer it was zero. C.O. Coger claims he tested my jug and it was 0.07. SIS Brown claims he tested it again it was 0.37. Two offices. Two tests two conflicting results. What tests? I Never seen the results from any tests. If there were, I question the accuracy of those tests. I am more than confident that if a test were given today properly, that it would prove to be exactly what it is, Plain old Tea, Stagnant at best. I am innocent.

• See attached note papers                                    Just a 3" pencil

Note: I could not have use of pen or typewriter.

5/23/03                                    Wm Gibson
DATE                                    SIGNATURE OF REQUESTER

Part B—RESPONSE

                                    DATE                                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY          CASE NUMBER: 303492-

Part C—RECEIPT                                    CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL.          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

USP LVN          DATE          Previous editions not usable          SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

**GIBSON, William**
Reg. No. 23848-038
Appeal No. 303492-R2
Page One

---

### Part B - Response

You appeal the May 20, 2003, decision of the Discipline Hearing
Officer (DHO) at FMC Devens, finding you committed the prohibited
act of Possessing Intoxicants, Code 222, Incident Report No.
1102458.  You claim the substance was tested improperly, you were
not disclosed the test results, and the substance was merely ice
tea.  You seek to have the incident report expunged.

The DHO determined you committed the prohibited act based upon
the following.  On May 8, 2003, the reporting officer found a two
quart plastic jug in your secured locker.  The jug contained
approximately three cups of a dark brown liquid.  When the
officer opened the jug, the officer observed the pungent odor of
a fermenting beverage.  The reporting officer conducted an
alcohol content test, using the Alco-Sensor III device.  The
substance tested positive for alcohol.  The DHO reasonably
determined you committed the prohibited act.

Staff memoranda and test results need not be disclosed to an
inmate prior to a DHO hearing.  Section V of the DHO report
indicates you were advised of the reporting officer's memorandum
documenting the substance tested positive for alcohol using the
Alco-Sensor III device.  Program Statement 6590.07, <u>Alcohol
Surveillance and Testing Program</u>, authorizes the use of the Alco-
Sensor III device to detect the presence of alcohol in suspect
liquids.  There is no indication the testing was improperly
conducted.

The record in this case reflects substantial compliance with
Program Statement 5270.07, <u>Inmate Discipline</u>.  The decision of
the DHO was based upon the greater weight of evidence and the
sanctions imposed were consistent with the severity level of the
prohibited act.  The sanctions imposed, to wit: 30 days
disciplinary segregation, 27 days disallowance/forfeiture of good
conduct time, and six months loss of commissary and telephone
privileges (suspended pending 180 days clear conduct), were not
disproportionate to your misconduct.  Accordingly, your appeal is
denied.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons.  Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 calendar days of the date of
this response.

Date: August 13, 2003

M. E. RAY
Regional Director

DOCUMENT 1j.

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: | Gibson, William | 23848-038 | G/B | FMC Devens |
|-------|-----------------|-----------|-----|------------|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

I am formally appealing incident report number 1102458, for the prohibited act of possessing intoxicants, Code 222. First, I wasn't provided with the proper paperwork in order to adequately refute this incident report. I have submitted an FOIA request to obtain this information. See: Exhibit A.
Second, the DHO stated that an Officer Coger tested the substance with the Alco-Sensor III device and got a .024 reading. I was verbally informed that SIA Lieutenant Brown also tested it and received a .037 reading, yet, no report.
Third, I specifically questioned the reliability of this "Alco-Sensor III device," to no avail. I wasn't told when it was last caliberated, and who was both trained and authorized to use such a "high-tech device." In fact, no-one has even submitted proof that this "Ice Tea" was actually tested in the first place, or that this "high-tech" device actually is used at FMC Devens.
Fourth, I was denied my right to "procedural due process" by not being allowed to adequately refute the above allegations due to this institution's secrecy with this "high-tech" device. I also couldn't face my accusers, nor question their methods without the background materials needed to do it.

| August 27th, 2003 | |
|-------------------|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

| | |
|---|---|
| DATE | GENERAL COUNSEL |

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE    CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| | |
|---|---|
| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL |

BP-231(13)
APRIL 1982
USP LVN

Administrative Remedy No. 303492-A1
Part B - Response

---

You appeal the DHO's decision of May 20, 2003, for Making,
Possessing, or Using Intoxicants, Code 222. Specifically, you
complain that you were not provided with the proper means to
defend yourself, and you were not informed of the reliability of
the testing device or the training provided to the staff member
involved. As relief, you request that the incident report be
expunged.

We find substantial compliance with Program Statement 5270.07,
*Inmate Discipline and Special Housing Units*. This P.S. states
that the decision of the DHO shall be based on at least some
facts, and if there is conflicting evidence, it must be based on
the greater weight of the evidence. Accordingly, we find that
the DHO detailed in Section V of the DHO report the specific
evidence relied upon to support a finding that you committed the
prohibited act of Making, Possessing, or Using Intoxicants, Code
222, and we agree that it is reasonable to make that finding. We
do not find any evidence to support your contention that you were
not provided with the proper means to defend yourself. You may
request access to the information you complain about by
forwarding your request to the Bureau of Prisons' Freedom of
Information Act (FOIA) Office at 320 First Street NW, Washington,
DC 20534. Your request should be identified as a FOIA/Privacy
Act request. Therefore, we find that the required disciplinary
procedures were substantially followed, the greater weight of the
evidence supports the decision, and the sanctions imposed were
appropriate for the offense and in compliance with policy. Your
appeal is denied.

October 10, 2003
_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

**DOCUMENT 1k.**

ADVISEMENT OF INCIDENT REPORT DELAY(S)

NAME: Gibson, W                    REGISTER NO. 23849-038

In accordance with Program Statement, 5270.7, Inmate Discipline and Special Housing Units, and reason(s) for an incident report delay which would result in the occurring of the Unit Disciplinary Committee Hearing (UDC) beyond 3 working days following the time that staff became aware of the inmate's involvement in the incident, then, the delay should be documented in the Discipline Record and the inmate should be advised.

YOU ARE HEREBY NOTIFIED THAT YOUR UDC HEARING ON INCIDENT REPORT NUMBER:

1102458          FOR THE CHARGE(S) OF: 222

HAS BEEN DELAYED FOR THE FOLLOWING REASON(S): Receiving this incident report from the Lieutenant's office on 5/9/03 and Unit G Staff had training. (One day delay)

D. Jones / D Jones                    5/14/03
STAFF MEMBER / TITLE                    DATE

In accordance with Program Statement, 5270.7, Inmate Discipline and Special Housing Units, you are hereby notified of the delay of your hearing beyond 5 working days. The delay has occurred for the following reasons(s):

(Refer to above)

WARDEN                              DATE

Received by Inmate: _____ Date: 5/14/03

cc:    Inmate
       Discipline Packet

DOCUMENT 1 1.



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Medical Center, Devens*

---

DHO Office                                              P.O. Box 880
                                                        Ayer, MA 01432

June 3, 2003

MEMORANDUM FOR CENTRAL FILE

FROM:       *C. S. Bracy*
            D. BRACY, Discipline Hearing Officer

SUBJECT:    DHO/IR Report #1102458

As a result of a finding by the Discipline Hearing Officer, he inmate was determined to have committed the Prohibited Act Code 222. There was a delay in providing the inmate with a copy of the DHO report within 10-days. The delay was the result of case load within the institution.

DOCUMENT 1m.

| Officer | DATE | TIME | INMATE | Reg # | TYPE | UNIT | Result | (N) | SHIFT | STAFF |
|---|---|---|---|---|---|---|---|---|---|---|
| Beach | 4-30-03 | 1120A | PUPO | 01532-131 | R | J-B | .000 | N | D/W | Rotti |
| Beach | 4-30-03 | 1130A | Kennedy | 10515-158 | R | J-B | .000 | N | D/W | Rotti |
| Beach | 4/30/03 | 7⁵⁰PM | HIN | 00148-748 | R | GA | .000 | N | E/W | LOWE |
| Galvin | 4/30/03 | 7²⁵PM | WILKEY | 22510-038 | R | GA | .000 | N | E/W | LOWE |
| Galvin | 4/30/03 | 7³⁰PM | JOHNSTON | 10228-052 | R | GA | .000 | N | E/W | LOWE |
| Galvin | 4/30/03 | 8²⁰PM | AYALA | 40746-054 | R | GA | .000 | N | E/W | LOWE |
| Galvin | 4/30/03 | 8³⁰PM | PERRINEAU | 53476-054 | R | GA | .000 | N | E/W | LOWE |

5/1/03 Alco-Sensor III NO. 1058038 calibrated
this date May 1, 2003 and will not be
adjusted. ⊙ Reynoso. Intel. ofc 5/1/03

| Officer | DATE | TIME | INMATE | Reg # | TYPE | UNIT | Result | (N) | SHIFT | STAFF |
|---|---|---|---|---|---|---|---|---|---|---|
| Gill | 5-1-03 | 6:27A | BUCKLER | 17964-018 | R | GA | .000 | N | M/W | Val |
| Gill | 5-1-03 | 6:33A | KEENE | 04015-036 | R | GA | .000 | N | M/W | Val |
| Gill | 5-1-03 | 6:36A | D'ALEO | 00778-748 | R | GA | .000 | N | M/W | Val |
| Gill | 5-1-03 | 6:38A | CAPALDO | 45457-053 | R | GA | .00 | N | M/W | Val |
| Verano | 5-1-03 | 6:41A | GIRALDO | 38858-018 | R | GA | .000 | N | M/W | Val |
| Verano | 5-1-03 | 9:38AM | SERVIZIO | 23208-038 | R | EB | .000 | N | E/W | R. Christie |
| Verano | 5-1-03 | 8:35AM | Barrett | 03813-058 | R | EB | .000 | N | E/W | R. Christie |
| Verano | 5-1-03 | 8:40AM | Hudson | 95477-071 | R | EB | .000 | N | E/W | R Christie |
| Verano | 5/1/03 | 9:15AM | Graves | 26392-057 | R | GA | .000 | N | E/W | Beach |
| Verano | 5/1/03 | 9:25AM | Daniels | 15848-059 | R | HA | .000 | N | E/W | Beach |
| Verano | 5/2/03 | 12:40am | Harrington | 09709-062 | R | HA | .001 | N | M/W | Costa |
| Galvin | 5/2/03 | 12:42am | Tyree | 06658-068 | R | HA | .001 | N | M/W | Costa |
| Galvin | 5/2/03 | 12:44am | Shea | 19835-038 | R | HA | .001 | N | M/W | Costa |
| Galvin | 5/2/03 | 12:46am | Kupa | 43770-054 | R | HA | .001 | N | M/W | Costa |
| Galvin | 5/2/03 | 12:48am | Weaver | 06251-052 | R | HA | .001 | N | M/W | Costa |
| Galvin | 5-2-03 | 1:58pm | Aloi | 29429-053 | R | PB | .000 | N | D/W | T. ⌐ |
| Rotti | 5-2-03 | 1:59pm | Blanchette | 80291-038 | R | PB | .000 | N | D/W | T. ⌐ |
| Rotti | 5-2-03 | 2:00pm | Cormier | 04776-082 | R | PB | .000 | N | D/W | T. ⌐ |
| Rotti | 5-2-03 | 2:00pm | Rosenburger | 83245-054 | R | PB | .000 | N | D/W | T. ⌐ |

| Date | Time | I/M | Reg | Type | Unit | Result | Refuse | Sh. Ct | Staff | D |
|------|------|-----|-----|------|------|--------|--------|--------|-------|---|
| 5-2-03 | 2⁰² pm | McCollum | 15909-058 | R | PB | .000 | N | D/W | T. | S |
| 5-2-03 | 2:30 pm | Garcia | 77584-079 | R | PD | .000 | N | D/W | | J |
| 5-2-03 | 2:35 pm | Parker | 12837-007 | R | PD | .500 | N | D/W | | S |
| 5-2 | 807 | Lena | 04771-070 | R | 6B | .000 | N | E/W | Bill | S |
| 5-2 | 807 | Nova | 22713-08 | R | 6B | .000 | N | E/W | Bill | S |
| 5-2 | 802 | Vargas | 54012-051 | R | G | .000 | N | E/W | Bill | S |
| 5-2 | 810 | Baez | 23821-038 | R | GB | .000 | N | E/W | Bill | S |
| 5-2 | 817 | Duran | 57494-198 | R | GB | .000 | N | E/W | Bill | S |
| 5-3 | 12²⁴ Am | Leto | 07586-085 | R | JB | .000 | N | M/W | Burnett | S |
| 5-3 | 12²⁷ Am | Hunt | 40054-050 | R | JB | .000 | N | M/W | Burnett | S |
| 5-3 | 12³⁰ Am | Ortega | 21417-038 | R | JB | .000 | N | M/W | Burnett | S |
| 5-3 | 12³⁵ Am | Tampico | 79426-079 | R | JB | .000 | N | M/W | Burnett | S |
| 5-3 | 12⁴² Am | Richardson | 17761-038 | R | JB | .000 | N | M/W | Burnett | S |
| 5-3 | 12:45 Am | Hickey | 15765-039 | R | JA | .000 | N | M/W | Matthews | S |
| 5-3 | 12:47 Am | Harris | 61282-004 | R | JA | .000 | N | M/W | Matthews | S |
| 5-3 | 12:49 Am | Jones | 36429-007 | A | JA | .000 | N | M/W | Matthews | S |
| 5-3 | 1250 Am | Lewis | 52931-066 | R | JA | .000 | N | M/W | Matthews | S |
| 5-3 | 1252 Am | Bryant | 14773-074 | R | JA | .000 | N | M/W | Matthews | S |
| 5-3 | 1250 pm | DiNovo | 19828-038 | R | J-A | .000 | N | D/W | RL | S |
| 5-3 | 1250 | Gulo | 06531-068 | R | J-A | .000 | N | D/W | RL | S |
| 5-3 | 1252 | D'Aleo | 57376-653 | R | J-A | .000 | N | D/W | RL | S |
| 5-3 | 1254 | Butter | 29959-053 | R | J-A | .000 | N | D/W | RL | S |
| 5-3 | 1256 | Ellis | 29389-048 | R | J-A | .000 | N | D/W | RL | 0 |
| 5-4-03 | 1:13 | Budde | 24217-050 | R | G-A | .000 | N | D/W | JR | 0 |
| 5-4-03 | 1:15 | Reed | 13776-C14 | R | G-A | .000 | N | D/W | JR | 0 |
| 5-4-03 | 1:17 | Walsh | 02745-099 | R | H-B | .000 | N | D/W | JR | 0 |
| 5-4-03 | 1:19 | Moreno | 59552-053 | R | P-B | .000 | N | D/W | JR | 0 |
| 5-4-03 | 1:23 | Hiltz | 22021-038 | R | G-A | .000 | N | D/W | JR | 0 |
| 5-4-03 | 1:25 | Zhong | 10160-021 | R | H-B | .000 | N | D/W | JR | |

| staff: | Date | time | INI | REC # | type | UNIT | RESULT | REFUSE | SHIFT | STAFF |
|---|---|---|---|---|---|---|---|---|---|---|
| T. Boo | 5-4 | 2000 | Herton | 53140-83 | R | N2 | .000 | N | G/w | Russell |
| Dutch | 5-4 | 2005 | Shron | 53443-04 | L | N2 | .000 | N | G/w | |
| Dutch | 5-4 | 2010 | Kupca | 03414-08 | L | N2 | .000 | N | G/w | |
| bill | 5-4 | 2018 | Clarke | 34641-03 | R | N2 | .000 | U | G/w | Howell |
| bill | 5-4 | 2020 | Kuyole | 90857-011 | L | N2 | .000 | N | G/w | Howell |
| bill | 5-5 | 640 | Swann | 04505 | R | H-A | .000 | N | m/w | bill |
| bill | 5-5 | 641 | Janersy | 53621-066 | R | H-A | .000 | N | N/w | bill |
| Lill | 5-5 | 642 | Jordan | 09711-046 | R | H-A | .000 | N | m/w | bill |
| Burnett | 5-5 | 643 | Rose | 06927-068 | R | H-A | .000 | N | m/w | bill |
| Burnett | 5-5 | 644 | Wering | 04118-052 | R | H-A | .000 | N | n/w | bill |
| Burnett | 5/5/03 | 2²º pm | Ceballos | 21781-038 | R | H-B | .000 | N | D/w | Cronin |
| Burnett | 5/5/03 | 2º² pm | Garcia | 16497-027 | R | H-B | .000 | N | D/w | Cronin |
| Burnett | 5/5/03 | 2º⁶ pm | Montero | 58607-d8 | R | H-B | .000 | N | D/w | Cronin |
| Matthews | 5/5/03 | 2º⁷ pm | Sccenly | 59771-038 | R | H-B | .000 | N | D/w | Cronin |
| Matthews | 5/5/03 | 2º⁸ pm | Battle | 50575-066 | R | HB | .000 | N | D/w | Cronin |
| Matthews | 5/5/03 | 2¹º pm | Guitierez | 20310-038 | R | HB | .000 | N | D/w | Cronin |
| Matthews | 5/5/03 | 2¹¹ pm | Oggego | 23265-038 | R | HB | .000 | N | D/w | Cronin |
| Matthews | 5/6/03 | 4:11am | Jw00 | 11573-051 | R | GA | .000 | N | m/w | Viel |
| PL | 5/6/03 | 4:13a | Ajide | 23769-038 | R | GA | .000 | N | m/w | Viel |
| PC | 5/6/03 | 4:14a | Logan | 23938-038 | R | GA | .000 | N | m/w | Vel |
| PC | 5/6/03 | 4:16a | Plant | 23862-038 | R | GA | .000 | N | m/w | Viel |
| PC | 5/6/03 | 4:17a | Ramos | 90651-038 | R | GA | .000 | N | m/w | Vel |
| PL | 06MAY03 | 1:44pm | Moore | 83155-054 | R | H-A | .000 | N | D/w | Roca |
| JR | 06MAY03 | 1:47pm | Rizzuto | 50583-057 | R | H-A | .000 | N | D/w | Roca |
| JR | 06MAY03 | 1:50pm | Avellu | 45098-053 | R | H-A | .000 | N | D/w | Roca |
| JR | 06MAY03 | 1:52pm | Gagnon | 06663-068 | R | H-A | .000 | N | D/w | Roca |
| JR | 06MAY03 | 1:55pm | Gonzalez | 04051-180 | R | H-A | .000 | N | D/w | Roca |
| JR | | | | | | | | | | |
| JR | | | | | | | | | | |

| DATE | Time | Inmate | Reg # | Type | UNIT | Results | Refuse | Shift | Staff |
|------|------|--------|-------|------|------|---------|--------|-------|-------|
| ✱ Note: on 5-5-03 G/W Alco Sensor given to |||||||||
| G-4 unit 5 b/s Cogan. No Alco-Sensor test were |||||||||
| Done ?? F. Rusell | | | | G/W | Compound #1 | | ✱ | | |
| 5-6-03 | 2000 | Albanese | 04874-070 | R | ccS G A | .000 | N | G/W | Rusell |
| 5-6-03 | 2005 | Bilias | 0487-070 | R | ccS H | .000 | N | G/W | Rusell |
| 5-6-03 | 2010 | Familia | 54857-053 | R | ccS G A | .000 | N | G/W | Rusell |
| 5-6-03 | 2015 | Consenti | 0464-082 | R | ccS G A | .000 | N | G/W | Rusell |
| 5-6-03 | 2020 | Booker | 03008-050 | R | ccS Pm | .000 | N | G/W | Rusell |
| 5-7-03 | 12:20am | Mejia | 44536-054 | R | G-B | .000 | N | M/W | Douane |
| 5-7-03 | 12:25am | Roscioli | 55802-066 | R | G-B | .000 | N | M/W | Douane |
| 5-7-03 | 12:31am | Hernando | 22-737-038 | R | G-B | .000 | N | M/W | Douane |
| 5-7-03 | 1:07am | Musoke | 43479-083 | R | G-B | .000 | N | M/W | Douane |
| 5-7-03 | 2:11am | Desrochers | 02883-049 | R | G-B | .000 | N | M/W | Douane |
| 5-7-03 | 10:30am | Brown | 80222-058 | R | J-A | .000 | n | D/W | VR |
| 5-7-03 | 10:35am | Breen | 39213-054 | R | J-A | .000 | n | D/W | VR |
| 5-7-03 | 10:40am | Goldman | 19124-088 | R | J-A | .000 | n | D/W | VR |
| 5-7-03 | 10:45am | Cockett | 06875-059 | R | J-A | .000 | n | D/W | VR |
| 5-7-03 | 10:50am | Rusell | 13827014 | R | J-A | .000 | n | D/W | VR |
| 5-8-03 | 6:15am | Ebel | 22841-112 | R | G-B | .000 | N | M/W | Guevaras |
| 5-8-03 | 6:25am | Silverman | 05203-070 | R | G-B | .000 | N | M/W | Guevaras |
| 5-8-03 | 6:35am | Jimenez | 23-152-038 | R | G-B | .000 | N | M/W | Guevaras |
| 5-8-03 | 6:45am | Banton | 19307-050 | R | G-A | .000 | N | M/W | Guevaras |
| 5-8-03 | 7:00am | Kohn | 22480-028 | R | G-A | .000 | N | M/W | Guevaras |
| 5-8-03 | 1:30p | Heam | 1630-148 | R | J-A | .000 | n | D/W | Russo |
| 5-8-03 | 1:35p | Talevera | 11291-180 | R | S-A | .000 | n | D/W | Russo |
| 5-8-03 | 1:40pm | Galo | 06531-068 | R | S-A | .000 | n | D/W | Russo |
| 5-8-03 | 1:45pm | Tillmon | 28710-035 | R | S-A | .000 | n | D/W | Russo |
| 5-8-03 | 1:50pm | Wilchar | 11623-057 | R | S-A | .000 | n | D/W | Russo |

| AFF | DATE | TIME | I/M | REG # | TYPE | UNIT | RESULTS | SHIFT | E/U | STAFF |
|---|---|---|---|---|---|---|---|---|---|---|
|  | 5/8/03 | 7:15p | GIBSON | 23848038 | R | GA | .000 | E/W | N | Cy |
|  | 5/8/03 | 7:20p | MAPLE | 4786 004 | R | GA | .000 | E/W | N | Cy |
|  | 5/8/03 | 7:29p | PANECU | 5781053 | R | GA | .000 | E/W | N | Cy |
| ose1/ | 5/8/03 | 7:30p | OZUNA | 5039054 | R | GA | .000 | E/W | N | Cy |
| ose1/ | 5/8/03 | 7:35p | RODRIGUEZ | 0987 055 | R | GA | .000 | E/W | N | Cy |
| sell | 5/9/03 | 12:05 | Varcella | 14638-014 | R | GA | .000 | M/W | N |  |
| sell | 5/9/03 | 12:06 | MARSHALL | 02697-049 | R | GA | .000 | M/W | N |  |
| sell | 5/9/03 | 12:07 | BARDEN | 19301-050 | R | GA | .000 | M/W | N |  |
| ane | 5/9/03 | 12:08 | TAYLOR | 04221-036 | R | GA | .000 | M/W | N |  |
| ane | 5/9/03 | 12:09 | Karageladis | 22989-038 | R | GA | .000 | M/W | N |  |
| cave | 5/9/03 | 7p | ALLEN | 0508070 | R | GA | .000 | E/W | N | Cy |
| ane | 5/9/03 | 7:15p | BROWN | 10924040 | R | GA | .000 | E/W | N | Cy |
| ane | 5/9/03 | 7:30p | NEIL | 2586 4016 | R | GA | .000 | E/W | N | Cy |
|  | 5/9/03 | 8:30p | GABB | 4850254 | R | GA | .000 | E/W | N | Cy |
| R | 5/9/03 | 04:18 | MENDOZA | 20782036 | R | GA | .000 | E/W | N | Cy |
| R | 5/10/03 | 12am | Brown | 02640-049 | R | HA | .000 | M/W | N | Costa |
|  | 5/10/03 | 12am | titus | 36964-083 | R | HA | .000 | M/W | N | Costa |
| R | 5/10/03 | 12am | Lee | 54620-013 | R | HA | .000 | M/W | N | Costa |
| nnes | 5/10/03 | 12am | Curran | 86263-038 | R | HA | .000 | M/W | N | Costa |
| nnes | 5/10/03 | 12am | Thompson | 51082-004 | R | HA | .000 | M/W | N | Costa |
| nnes | 5-10-03 | 12:50pm | SIMMS | 15378-016 | R | H-A | .000 | D/W | N | Ross |
| nopgoc | 5-10-03 | 12:52pm | GAGNON | 06683068 | R | HA | .000 | D/W | N | Ross |
| guarocs | 5-10-03 | 12:54pm | STEPNEY | 3163-054 | R | P-B | .000 | D/W | N | Ross |
| uso | 5-10-03 | 12:56pm | IRIGOYEN | 10563-002 | R | G-B | .000 | D/W | W | Ross |
| sso | 5-10-03 | 12:51pm | Atwood | 2457-067 | R | HA | .000 | D/W | W | Ross |
| sso | 5-10-03 | 1:01pm | KUPA | 43770-054 | R | HA | .000 | D/W | W | Ross |
| sso | /03 | 7:15pm | Nocille | 5578066 | R | H-B | .000 | E/W | N | Arrell |
| Uso | /03 | 7:18pm | Voigt | 17140-050 | R | G-A | .000 | E/W | N | Arrell |
|  | /03 | 7:25pm | Clarkson | 49228-056 | R | H-A | .000 | E/W | N | Arrell |

DOCUMENT 1n.

ALCOHOL SURVEILLANCE AND TESTING PROGRAM
Cover Sheet

LESSON PLAN            Alcohol Testing

TIME FRAME             2 Hour

OBJECTIVES             1.  Given an ALCO-SENSOR III, properly
                       administer an alcohol test without
                       error.

                       2.  Given a copy of Program Statement
                       P.S. 6590.07, properly identify areas of
                       the Institution which should be tested,
                       identify proper alcohol testing log
                       entries, demonstrate proper procedures
                       if an inmate tests positive, and
                       demonstrate the proper technique for
                       testing liquids or substances.

                       3.  Given the ALCO-SENSOR VHS/NTSC
                       Training Video, properly identify the
                       proper testing procedures using the
                       ALCO-SENSOR III.

STUDENT MATERIALS      ALCO-SENSOR III MANUAL
                       ALCO-SENSOR III
                       P.S. 6590.07
                       ALCO-SENSOR VHS/NTSC Training Video

INSTRUCTOR'S MATERIALS ALCOHOL TESTING LESSON PLAN
                       P.S. 1380.05 SIS MANUAL

REFERENCES             P.S.  6590.07
                       P.S.  1380.07
                       ALCO-SENSOR III MANUAL
                       ALCO-SENSOR VHS/NTSC Training Video

INSTRUCTOR             Lieutenant trained in the proper use of
                       the Alco-Sensor III

Page 1 of 5

PREREQUISITES                     None

DEVELOPED BY                      Dennis Duffy, Lieutenant

SUBJECT MATTER                    Dave Losey, Special Investigative Agent
EXPERT ASSISTANCE

1.  Introduction

The Bureau of Prisons maintains a surveillance program in order
to deter and to detect the illegal introduction or use of alcohol
in its institutions.  In an effort to reduce the introduction or
use of alcohol, the Warden shall establish procedures for
monitoring and testing individual inmates or groups of inmates
who are known or suspected to be users of alcohol, or who are
considered high risks based on behavior observed or on
information received by staff.

2.  Level of Testing

Each Warden shall determine the appropriate level of monitoring
and testing to ensure adequate control of alcohol.  Among the
factors that shall be consider are:

- Security level of the institution,
- Opportunity for inmates to acquire alcohol through community
  contacts,
- Specific work areas where the ingredients for making
  alcoholic beverages are located, and
- The work and living areas of inmates who have histories of
  alcohol abuse.  Inmates sleeping during the middle of the
  day, isolated inmates in the Chapel, Recreation or the
  housing unit are good suspects, etc..

Alcohol testing should take place on every shift and several
tests should be completed in various areas.  Five to ten tests
each shift is a good range for testing, but circumstances may
vary your ability to test a fixed amount.

3. Alcohol Testing Equipment

The Alco-Sensor Model II, III or IV, shall be used for testing.
Employees assigned to use the instrument shall be knowledgeable
of its operation as described in the company brochure.

Calibration checks shall be performed on the Alco-Sensor at least
monthly according to procedures outlined in the company brochure,
and each calibration shall be documented in the alcohol test log.

\*\*Ensure that the operating instruction are followed at all times.  The instructions are located on the back of the sensor and easy to follow.

\*\*Ensure that the inmate does not blow smoke into the device. Staff will ensure that inmates do not eat, drink or smoke during or directly prior to testing.

\*\*Inmates should wait 15 minutes before testing if they admit to have been drinking or have just vomited due to drinking. Mouth alcohol may affect the accuracy of the test.

\*\*Other alcohols may affect the test, such as rubbing alcohol, mouthwash etc..

## 4.  Alcohol Test Log

An alcohol test log shall be maintained in a <u>bound ledger</u>, which can be a log book, loose leaf binder, or other documentation, indicating:

- Identification of inmate being tested,
- Identification of employee performing the test,
- Date and time test administered,
- Test results,
- Whether the inmate refused to cooperate, and
- Type of test.
  (Note: entries must be complete with no shortcuts taken)

## 5.  Testing Procedures

Alcohol testing shall be accomplished through the following procedure:

- Employees shall ensure that the inmate being tested is not permitted to eat, drink or smoke.
- A reading of .02 or higher shall be considered positive.
- If the first test is positive, a second confirmation test shall be administered 15 minutes after the initial test.

[a.  Staff may prepare a disciplinary report on an inmate who shows a positive substantiated test result for alcohol.]

If the confirmation test registers .02 or higher, an incident report shall be prepared, unless there are exceptional circumstances to prove otherwise, charging the inmate with using intoxicants.

[b.  Staff may initiate disciplinary action against an inmate who refuses to submit to an alcohol test.]

An inmate's refusal to be tested may be by word or action.  The employee who writes the disciplinary report shall clearly document the statements or actions which indicated a refusal.

See the Program Statement on Inmate Discipline and Special Housing Units for further information.

## 6.  Testing Liquids or Substances

The Alco-Sensor instrument shall be used to test liquids suspected of containing alcohol following procedures outlined in the company brochure.

Liquids with a test reading of .02 or higher shall be considered positive for alcohol.